## Joseph McDonald v. H. D. Shepard, *et al.*

Dwelling House, *When not a Part of the Realty.* On the 27th day of July, 1875, M. was the owner of half of a lot in Burlingame. On the 19th day of May, 1875, S. and wife were the owners of a frame house situate upon another lot in the city. The house was held by Shepard & Waldo under a chattel mortgage duly filed, to secure $956. S. and wife leased the half-lot of M., and with the consent of all the parties removed the house on the leased lot in June, 1875, and placed it upon a stone foundation. On July 27, 1875, M. sold the half-lot to S. and wife for $250, on time. December 20, 1875, S. and wife gave a bill of sale of the house to Shepard & Waldo, and the latter took possession of it, and have been in the continuous possession thereof ever since. Subsequent to the sale of the house to Shepard & Waldo, S. and wife built an addition to the east side and south end of about ten feet wide, one story high, of wood, permanently fastened to the house. In an action brought by M. to foreclose a vendor's lien upon the half-lot, Shepard & Waldo were made defendants, and asked to set up their interest. They alleged that they owned the house, and prayed that their rights might be protected. *Held,* That the defendants Shepard & Waldo had the right to offer proof that the house was not a part of the realty, and that they were the owners thereof; that upon the foregoing facts the house was the personal property of Shepard & Waldo, and the court committed no error in permitting them to remove the same from the lot within a reasonable time.

### *Error from Osage District Court.*

Action brought by *McDonald* against *Shepard* and others, to foreclose a vendor's lien upon real estate. The nature of the action, and the facts, appear in the opinion. Trial by the court, July 19, 1879, and judgment for defendants *Shepard* & Waldo, against the plaintiff, for costs. The plaintiff brings the case here.

*E. M. Sanford,* for plaintiff in error.

*Ellis Lewis,* for defendants in error.

The opinion of the court was delivered by

Horton, C. J.: Action brought by Joseph McDonald against L. J. Sawyer, H. D. Shepard, Daphne Shepard, C. D. Waldo, Abbie E. Waldo, J. H. Burke, R. H. Baird, B.

P. Seymour, and William G. Lucas, and H. D. Shepard and C. D. Waldo, late partners as H. D. Shepard & Co., and H. D. Shepard and C. D. Waldo, late partners as Shepard & Waldo. The petition alleged substantially the following facts:

That on the 27th day of July, 1875, the plaintiff agreed to and did sell to L. J. Sawyer the west half of lot fourteen, in block thirty-five, in Burlingame, Osage county, in this state, for the sum of two hundred and fifty dollars, to be paid as follows: Fifteen dollars on the 1st of December, 1875; thirty-five dollars on the 1st day of January, 1876; twenty-five dollars on the 1st day of July, 1876; seventy-five dollars on the 1st day of January, 1877, and fifty dollars on the 1st day of July, 1877; that all of said sums unpaid on July 1, 1876, were to draw interest at the rate of ten per cent. per annum; that under the written contract he put L. J. Sawyer into possession of the premises, and that said Sawyer, and persons claiming under him, have continued to occupy the premises; that no part of the purchase-money has ever been paid; that there was due on the contract two hundred and fifty dollars, with interest at the rate of ten per cent. per annum from July 1, 1876; that said Sawyer is and has been absent from the state for more than one year; that plaintiff has always been ready and willing to deliver to him a good and sufficient deed upon the payment of the said several sums and interest; that the other defendants claim some lien, estate or interest in the premises under said Sawyer and subsequent and subject to the interest and contract of plaintiff, the nature and extent of which the plaintiff is ignorant, but of which he demands proof. The petition concluded with the prayer that the contract might be decreed to be absolute; that an account be taken of the amount due on the premises; that the land be appraised, advertised and sold according to law to satisfy the sum found due and costs, and for such other relief as might be deemed equitable and just. On October 9, 1878, judgment was rendered as upon default against all the defendants upon a finding that the facts set forth in the petition were true; the sum remaining due was adjudged to be three hundred and six dollars and twenty-five cents, and a lien on the premises. The property was ordered to be sold to pay the judgment, and defendants decreed to be barred of all right, title or equity of redemption. On January 15, 1879, upon the mo-

8—25 KAS.

tion of H. D. Shepard and C. D. Waldo the judgment was set aside as to them, on the ground of its having been rendered without consideration of their answer then on file.    The answer set up that H. D. Shepard and C. D. Waldo, as Shepard & Waldo, and formerly partners as Shepard & Co., were the owners of the frame building on the premises, of the value of six hundred dollars.    On July 19, 1879, the cause was tried before the court, without a jury, and findings of fact and conclusions of law were made.    The findings were as follows: "That on the 27th day of July, 1875, the plaintiff, Joseph McDonald, was the owner of the following real estate, situated in Osage county and state of Kansas, to wit: The west half of lot No. 14, in block No. 35, in the city of Burlingame; that on the 19th day of May, 1875, the defendants, L. J. Sawyer and Candace Sawyer, were the owners of a certain frame house situated on lot No. —, in block No. —, in said city of Burlingame; that on the 19th day of May, 1875, L. J. and Candace Sawyer made, executed and delivered to the defendants, H. D. Shepard and C. D. Waldo, their certain chattel mortgage, whereby they sold and conveyed said house to them for the purpose of securing an indebtedness due from them to Shepard and Waldo, in the sum of $956.69; that said mortgage was, on the 20th day of May, 1875, duly filed with the register of deeds of said Osage county; that on the —— day of June, 1875, at which time the said Sawyers had leased said half-lot from McDonald, L. J. and Candace Sawyer, by the permission of the said plaintiff, Joseph McDonald, and with the knowledge and consent of Shepard and Waldo, removed said house and placed it upon the west half of plaintiff's lot, upon a stone foundation; that on the 27th day of July, 1875, the plaintiff, Joseph McDonald, sold said half-lot to L. J. and Candace Sawyer for the agreed price of $250, on deferred payments; that at the time of the sale the defendants, the Sawyers, were occupying the house; that the defendants, the Sawyers, had never paid said plaintiff any portion of the $250, the purchase price of said half-lot; that upon the 20th day of December, 1875, the defendants, Sawyers, had not paid any portion of the indebtedness for which they had executed the chattel mortgage to Shepard & Waldo, at which time, for the purpose of discharging said indebtedness, they sold and delivered to Shepard & Waldo the house in question; that subsequent to the sale of the house to Shepard & Waldo, and after the same had been placed upon the

half-lot of plaintiff, the defendants, L. J. and Candace Sawyer, had built an addition to the east side and south end of said house, of about ten feet wide, one story high, of wood, and permanently fastened to said house with the knowledge of the plaintiff and Shepard & Waldo, and without any objection from any of said parties; that from the time of the sale of said house to Shepard & Waldo, they have been in the continuous possession thereof to the present time; that after the execution of the bill of sale to the house in controversy, the defendants, the Sawyers, executed and delivered to the defendants Shepard & Waldo a mortgage upon a large amount of real estate to secure the payment of the sum of $700, in which mortgage was included the half-lot in controversy, with all the appurtenances thereto belonging; that after the execution of the last mortgage aforesaid, the said L. J. Sawyer executed and delivered to said Shepard a quitclaim deed, in blank, to the said half-lot; that after the execution of the last mortgage aforesaid and before the execution of the quitclaim aforesaid, Candace Sawyer, the wife of said L. J. Sawyer, died.

Upon these facts, the court found as conclusions of law:

"That Shepard & Waldo were the owners of and entitled to the possession of the house in controversy; that they had the lawful right to move it from and off the lot within a reasonable time, and were entitled to judgment against plaintiff for costs."

The findings being supported by sufficient evidence, the principal question for our determination is, whether the house is real property, or only a chattel? One answer only can be given; that is, it is a chattel. All doubts are solved by the clear intention of all the parties attendant upon the transactions brought out in the evidence. A mere recitation of the acts and conduct of such parties is conclusive of this. At the time the house was moved upon the premises it was only a chattel; at that time Shepard & Waldo held a chattel mortgage upon it, duly filed with the register of deeds of Osage county; the premises described in the petition of foreclosure were held by L. J. and C. Sawyer under lease from the plaintiff; the house was moved upon the leased real estate by the the tenants, with the consent of the landlord; it seems to have

been valued at about three hundred dollars, and certainly it cannot be assumed that the sale of the half-lot in July, 1875, for two hundred and fifty dollars, was intended to include the house, which the plaintiff did not then claim and over which he had neither control nor possession. As Shepard & Waldo have been in continuous possession of the house since December 20, 1875, it is not apparent when or how the chattel has ever become a fixture, as they never released their claim to it, or consented that it should be a part of the realty. Under what circumstances structures and houses resting upon solid foundations are only personal property, is fully considered and commented upon in *C. B. Rld. Co. v. Fritz,* 20 Kas. 430; and as somewhat applicable to this case, we refer to *Mills v. Redick,* 1 Neb. 437, and *Fuller v. Tabor,* 39 Me. 519, therein cited.

Counsel make the further objection that if the house be personal property, the defendants had no right to intervene and litigate its title in an action to foreclose a vendor's lien upon real estate, and therefore that the court ought not to have overruled the demurrer to the answer. In support of their argument they say: "A. gives B. a mortgage upon his farm on which A. has at the time a horse in pasture; the mortgage becomes due, and when B. seeks to foreclose it can A. stay the action until he takes his horse off? or can he defend by claim of title to the horse?" The illustration is not parallel. In the foreclosure of the real estate mortgage of B., no question can be presented to the court whether the horse is real or personal property. It is always a chattel, and never anything but a chattel. The mortgage merely embracing real estate has no connection with the animal. In the case at bar the matter is very different. Under some circumstances the house might be considered real estate; under others, personal property. An attempt was made in the foreclosure of the vendor's lien to include the house as part of the realty. Shepard & Waldo were made defendants, and required to set up the nature and extent of their interest. They complied with the request of the petition, only, however, alleging a

Citizens' Bank v. Bowen.

chattel interest.  Plaintiff, in opposition thereto, claimed the house was of the realty.  A foreclosure and sale of the premises, in the absence of any adjudication as to the ownership of the house, would have worked great injustice.  The court rightly passed upon the question presented, and having determined that the house belonged to the defendants, properly allowed thirty days in which to remove the same.  No error was committed in overruling the demurrer to the answer; therefore the judgment will be affirmed.

All the Justices concurring.