JUNE TERM, 1897. 677

Spencer et al. v. Travelers' Insurance Co.—Opinion of Court.

JOSEPH D. SPENCER, ET AL., APPELLANTS, VS. THE TRAVELERS' INSURANCE CO., APPELLEE.

1. Appeals in chancery are returnable in like time and manner as writs of error at law, and the act of 1897, Chapter 4528, the sole purpose of which being to make the record of the entry of an appeal notice to an appellee, and to abolish citations in chancery, does not change the time required to intervene, under former statutes, between the entry of an appeal and the return day thereof.

2. Under Section 1270, Revised Statutes, writs of error at law are returnable to the first day of the next succeeding term of the Supreme Court, unless said first day shall be less than thirty days from the date of the writ, when it shall be returnable to a day in such term, more than thirty days and not more than fifty days from the date of the writ; and an appeal entered in clear violation of its provisions may be dismissed.

3. The acknowledgment by counsel of service of a copy of the written directions to the clerk to make up the transcript, with consent that he should at once commence the preparation of the same, is no waiver of the right to move to dismiss an appeal on the ground of a void or irregular entry thereof.

Appeal from the Circuit Court for Hillsborough county.

Motion to dismiss.

The facts in the case are stated in the opinion.

*C. C. Whitaker*, for Motion.

*Gunby & Gibbons*, and *J. B. Whitfield*, Contra.

MABRY, J.:

Motion to dismiss an appeal in chancery. The decree appealed from was rendered on the 3d day of May, 1897, and the entry of the appeal was on the

28th day of the same month to the first day of the following June term of this court. The first day of the June term was the 8th day of the month. The only ground of the motion which we deem it necessary to consider is that the appeal was taken contrary to law, in that no sufficient time intervened between the date of the appeal and the first day of the term of this court to which it was returnable. The appeal was entered after the approval of the act of 1897, Chapter 4528, abolishing citations on appeal in chancery, and repealing sections 1460 and 1461 of the Revised Statutes. The argument in support of the motion to dismiss proceeds upon the theory that since the repeal of section 1461, Rev. Stat., there is no statutory provision fixing the time that must intervene between the entry of an appeal in chancery and the term of the court to which it is made returnable, and that the rules of this court directing the making up of transcripts of records must control the entry and return of appeals in such cases. We do not accept this as a correct view of the law on the subject, though we are of opinion that the appeal must be dismissed on the grounds stated.

Special rule 4 for the making up transcripts of records in chancery causes, directing that within ten days after the entry of appeal and assignment of errors and direction to the clerk for making the transcript shall be filed, with an indication in the direction of a time when the clerk shall commence the preparation of the transcript, which shall be not less than fifteen days from the filing of the direction, was promulgated at a time when at least thirty days intervened between the entry of the appeal and the return day thereof, and contemplated at least that much time for the entry and preparation of appeals in chancery. It can

JUNE TERM, 1897. 679

Spencer et al. v. Travelers' Insurance Co.—Opinion of Court.

not be said that the rule referred to had in view the regulation of the time that must intervene between the entry of an appeal and its return day. Prior to the enactment of Chapter 4528, laws of 1897, it was understood that all appeals in chancery were returnable in like manner as writs of error at law, although the statute authorizing notices of appeals to be given in open court and dispensing with citations in such cases did not specifically fix the time that should intervene between the taking of such appeals and the term of this court to which the appeal was made returnable. Section 1461 expressly directed that citations in chancery issued on appeals entered out of term should be served and returned in like manner and time as writs of *scire facias ad audiendum errores*, and while this section has been repealed by the act of 1897, Chapter 4528, it is evident, both from the title and scope of this act, that its only purpose was to make the entry of an appeal itself notice to appellees, and to abolish citations in chancery causes. There is nothing in the act of 1897 from which we can conclude that the Legislature designed to change the time required to intervene under former statutes between the entry of an appeal, whether in term time or vacation of the trial court, and the return day thereof.

Section 1270, Rev. Stat., provides that writs of error shall be returnable to the first day of the next succeeding term of the appellate court, unless said first day shall be less than thirty days from the date of the writ, when it shall be made returnable to a day in such next succeeding term, more than thirty days and not more than fifty from the date of the writ. Section 1275 directs that it shall be the duty of the plaintiff in error to demand from the clerk of the court below,

680 . SUPREME COURT.

Spencer et al. v. Travelers' Insurance Co.—Opinion of Court.

or from the judge if there be no clerk, a true copy of all proceedings in such cause in the court below, and to file said copy in the appellate court on or before the return day of the writ of error; and section 1462, still in force, enacts that the provisions of law relating to writs of error governing the filing of transcripts of records and proceedings thereon, and filing of assignments of errors, shall be applicable to appeals in chancery.

It may be said that the section last mentioned, when taken in connection with section 1461, was not specially designed to fix a time that should intervene between the entry of an appeal and its return day, but to regulate the filing of transcripts and assignments of errors; and while it is conceded that such was a purpose of the section, it is also true that the provisions of law relating to writs of error governing the filing of transcripts of records and proceedings thereon are made applicable to chancery appeals. All writs of error must be issued at least thirty days before the return day thereof, and on or before that day the transcript of the record must be filed.

Section 1462 undoubtedly contemplated that the making up and filing of transcripts of records on appeals in chancery causes should be within the same time and in the same manner as in writs of error, and the latter do now require, and have since the adoption of the Revised Statutes required, at least thirty days to intervene between the issuance of the writ and its return day. As the act of 1897, Chapter 4528, was clearly not intended to make any change as to the time that should intervene between the entry of an appeal in chancery and the day to which it is made return-

able, we are of opinion that such appeals are returnable in like manner as writs of error.

In the present case there were only eleven days from the entry of the appeal to the first day of this court to which it was made returnable, and hence the appeal was improperly entered. We do not understand counsel for appellants to take the position that the appeal was entered in compliance with the statute, but their contention is that the appeal, having been entered to the proper term but to a wrong day thereof, is not void, and can be waived, and that this has been done on the part of the appellee by an agreement made in reference to making up the transcript in the cause. Counsel who had represented appellee in the trial court acknowledged service of a copy of the written directions to the clerk to make up the transcript, and agreed that the clerk should at once commence the preparation of the same.

We held in Pyles vs. Beall, 37 Fla. 549, 20 South. Rep. 778, that papers required to be served under the rules of this court were not intended to take the place of statutory writs essential to confer jurisdiction over the person of the defendant, and that a mere acknowledgment of service of copy of such papers would not amount to a voluntary appearance in this court. The decision of the court in Butterworth vs. Hill, 114 U. S. 128, 5 Sup. Ct. Rep. 796, was that the acceptance of service by the Commissioner of Patents, an officer having an official residence in Washington, D. C., of service of subpœna issued from the Circuit Court of the United States for the District of Vermont, "to have the same effect as if duly served by a proper officer," had no other effect than the regular service of the process by such officer, and waived no objection

to jurisdiction, and gave no consent to be sued away from his residence at the seat of government. Under the statutes of the United States no suit could be brought in the Circuit Court of the United States against an inhabitant of the United States by original process, in any other district than that of which he was an inhabitant, or in which he might be found at the time of service.

It has often been held here, before the passage of the act of 1897, that any action on the part of an appellee that could be construed into a voluntary appearance in this court would waive the necessity of the issuance and service of a citation, but the entry of an appeal, as well as the issuance of a writ of error, has generally been considered essential to confer appellate jurisdiction over the subject-matter. Whether or not an entry of appeal can be waived is doubtful. According to the provisions of Chapter 4528, laws of 1897, the entry of appeal performs the doubtful office of giving jurisdiction to this court of both the subject-matter and the person of the appellee. The acceptance of service of a copy of the written directions to the clerk, and a consent that he may at once commence to prepare the transcript of the record, can have, under the rules, no other effect than as a waiver of appellee's right to file additional directions as to what the transcript shall contain. Such a consent relates to the making up of the transcript, but it should not be held as an implied waiver (even if a direct waiver could have such effect) of appellee's right to object on the jurisdictional ground that no entry of appeal had been made, or that one entered was contrary to the express directions of the statute. The transcript would show the facts as to the entry of the

appeal, and upon that appellee could move in this court.

Our conclusion is that the appeal must be dismissed, as having been entered in violation of the express directions of the statute. Ordered accordingly.