THE AMERICAN CONTRACT AND FINANCE COMPANY, HENRY A. HOWE, FRANCES E. SMITH, EDWARDS M. SMITH AND LEM A. SMITH. APPELLANTS, VS. HENRY E. PERRINE, ET AL., APPELLEES.

1. A subsequent appeal entered by the same party from the same

decree, while his prior appeal is still pending and effective, is irregular, and will be dismissed.

2. Where an appellant neglects to file transcript of the record, and shows no good cause for his failure so to do, his appeal will be dismissed.

Appeal from the Circuit Court for Dade county.

The facts in the case are stated in the opinion of the Court.

*T. M. Day, Jr.* for Appellants.

*Robbins and Graham and H. J. Baker,* for Appellees.

PER CURIAM:

A bill of equity was filed by appellants against appellees in the Circuit Court of Dade county, and such proceedings were had thereupon that on March 7th, 1898, a decree was entered dismissing the bill. On March 30th appellants entered their appeal, returnable to the first day of the present term of this court from the final decree, and also from an interlocutory one rendered in November, 1897, and the entry of appeal was recorded in the chancery order book on the same day. On May 9th appellants filed in the court below their assignment or errors, and also directions to the clerk for making up the transcript, directing him to begin preparation thereof on May 25th. Copies of these directions and the assignment of errors were duly served upon appellees, who gave no additional directions to the clerk. If any transcript was made up under these directions, it has not been filed in this court. On May 30th, appellants, without dismissing their previous appeal, entered another from the same decrees, returnable

July 2nd, a day in the present term, which entry was recorded on the same day in the chancery order book. On the same day they filed their assignment of errors and directions to the clerk for making up the transcript, naming June 14th as the tome for commencing the preparation thereof. Copies of these directions and the assignment of errors were served upon appellees through the mails on May 31st. On June 14th appellants filed in this court a transcript of the record made up in accordance with the directions last filed by them, purporting to have been certified by the clerk of the court below on the same day—June 14th. This transcript, in compliance with appellant's last directions, contains copies of the entries of both appeals and of the assignment of errors and directions to the clerk filed after the entry of each appeal.

The appellees move to dismiss the first appeal because no transcript of the record based thereon has been filed in this court, and to dismiss the second because, at the time of its entry, the prior appeal was pending. We think the motions should be granted. No transcript has ever been made up and filed in this court in pursuance of the first appeal. It is true a transcript was filed here on the return day thereof, but, as has been stated, it was not prepared under the directions given upon the first entry. It contains copies of papers filed and proceedings taken by appellants subsequent to the first entry not directed to be inserted by the first instructions given, but which were directed to be inserted by the instructions given upon the second entry, and it was evidently prepared and filed in pursuance of the second appeal. The first appeal was not defective. It was duly taken and recorded. It was still pending and its return day had not arrived at the time of the entry of the second appeal. Some authorities hold that under such

circumstances the second appeal is a nullity.   Brown v. Plummer, 70 Cal. 337, 11 Pac. Rep. 531; State *ex rel.* Gunderson v. King, 6 S. Dak. 297, 60 N. W. Rep. 75; McCarty v. Wintler, 17 Oregon, 391, 21 Pac. Rep. 195. Without committing ourselves to the proposition that the second appeal is a nullity, as held by these authorities, we are entirely satisfied that it is irregular for a party to enter a second appeal from the same decree while his first is still pendng and effective, and that because of such irregularity the second appeal ought to be dismissed.   There can be no necessity for a second appeal in such cases, as the first can be made to accomplish every purpose for which the second may be made available.   Successive appeals of this nature would burden the court's docket, and cause expense and trouble to parties litigant for no useful purpose.

For the reasons stated both appeals will be dismissed.