ISAAC N. GARRISON AND VIRGINIA BARNETT, APPELLANTS, VS. FRED. D. PARSONS, APPELLEE.

1. An appeal in chancery taken within a period less than thirty days from the first day of the next succeeding term of the Supreme Court, returnable to the first day of such term, is entered in direct violation of law, confers no jurisdiction upon the Supreme Court, and it constitutes no grounds for dismissing a subsequent appeal duly taken by the same party from the same decree.

2. Under Chapter 4528, Acts of 1897, the record of the entry of appeal in the chancery order book when duly made, gives to the Supreme Court jurisdiction over the person of the appellee; but an appellee can if he chooses waive the formal record of the entry of appeal, and he can submit himself to the jurisdiction of the Supreme Court by a voluntary appearance notwithstanding a failure to record the notice of appeal.

3. Where the transcript on appeal fails to show a proper record of the entry of appeal, the omission may be supplied by competent evidence of such record, *dehors* the transcript.

4. Where the notice of appeal incorporated into the transcript is

followed by a certificate of the clerk showing that it was duly filed, and that it was entered by him in the chancery order book, but omits to give the date of such record or entry in the chancery order book, it will be presumed, in the absence of anything to the contrary, that the clerk discharged his statutory duty by recording it "forthwith" upon its being filed.

5. The statutes of this State do not require that an apppeal be taken to the next succeeding term of the Supreme Court after the entry of the final decree appealed from, but they authorize an appeal to be taken at any time within six months from the date of the decree appealed from, and such appeal is required to be made returnable to the first day of, or, in certain cases, to a day within, the next succeeding term of the Supreme Court after the entry of appeal.

6. In order for the Supreme Court to obtain jurisdiction over the appellees by reason of the record of the entry of appeal, the entry as recorded in the chancery order book must be sufficiently full and explicit to advise the parties entitled to notice, as well as the appellate court, that an appeal has been taken by definitely named parties against definitely named persons.

Appeal from the Circuit Court for Hernando county.

The facts in the case are stated in the opinion of the court.

*Angus Paterson*, for Appellant.

*W. S. Jennings*, for Appellee.

CARTER, J.:

On April 21, 1898, in a chancery cause then pending in the Circuit Court of Hernando county between appellee as complainant and appellants as defendants, a decree of foreclosure was rendered, from which appellants entered their appeal returnable June 14th, 1898,

being the first day of the June term of this court for that year.   The entry of appeal was filed May 25, 1898, and recorded by the clerk on the same day.

On September 2, 1898, the appellants attempted to take another appeal from the same decree and we quote from the transcript of record filed here all entries relating to this second appeal as follows:   "On the 2nd day of September, 1898, defendants filed their entry of appeal in words and figures following:   And now on this the 2nd day of September, A. D. 1898, come the defendants in the cause above named by T. S. Coogler & Son, their solicitors, and apply for and enter their appeal from the judgment and decree rendered in said cause on the 21st day of April, A. D. 1898, to the Supreme Court of the State of Florida, to be held at Tallahassee, commencing on the second Tuesday in January, A. D. 1899. T. S. Coogler & Son, Solicitors for Appellants.   Filed September 2nd, 1898, and entered in Chancery Order Book page 28.   Frank E. Saxon, Clerk, by S. A. Wilson, D. C."

Appellee now moves to dismiss the first appeal because of failure to file transcript, abstracts and briefs; and appearing specially moved to dismiss the second appeal upon grounds hereinafter more particularly noticed.

I. If an appeal is taken within a period less than thirty days from the first day of the next succeeding term of this court, it must be made returnable to a day in such term more than thirty and not more than fifty days from the date of such appeal.   If in such cases the appeal be made returnable to the first day of the term it is entered in direct violation of law and confers no jurisdiction upon this court.  Spencer v. Travelers' Insurance Co., 39 Fla. 677, 23 South. Rep. 442; Fleming v. Flem-

10

ing, 40 Fla. 154, 23 South. Rep. 571.   The appeal of
May 25, 1898, was made returnable to the first day of
the term though taken within less than thirty days of
such first day.   It was therefore void, and the appellants
evidently so regarded it, for they never attempted to
perfect proceedings in this court by filing transcript, ab-
stracts and briefs, nor has that appeal ever been dock-
eted here.   There is consequently nothing pending in
this court to be dismissed, and the first motion must be
denied.

II. The second appeal is sought to be dismissed
upon the ground that this court has not acquired juris-
diction over the person of the appellee, and in support
of this position it is contended, (1) that the transcript
of the record contains no copy of the certificate of the
clerk showing the date, and in what book and upon
what page, the notice of appeal was entered by him; (2)
that the entry of appeal previously quoted from the
transcript, even if recorded, was insufficient to give this
court jurisdiction of the person because, (A) it is re-
turnable to a term of this court not authorized by law;
and (B) it fails to show the names of the parties to the
decree from which it was taken, or the cause in which it
was entered.

1. Under the law as it now stands in this State, a
proper entry or notice of appeal duly filed gives this
court jurisdiction of the subject-matter, and the record
of such entry or notice when duly made gives it jurisdic-
tion of the person of the appellee.   Chapter 4528, laws
of 1897, which requires the entry or notice of appeal to
be filed with and "forthwith entered by" the clerk "in
the chancery order book" as a substitute for the former
citation on appeal required to be issued and served upon
an appellee, does not prescribe the method by which the

jurisdictional fact, the entry in the chancery order book
of such notice of appeal, shall be evidenced to this
court, in order that the court may know that it has
acquired jurisdiction of such appellee. "The record of
such entry in the chancery order book," when duly
made, of itself gives this court jurisdiction of the per-
son of the appellee as completely as the proper *service*
of a citation would under the former practice. The ser-
vice of the citation was formerly evidenced to us by the
return of the officer, and this return was not required to
be incorporated into the transcript filed in this court,
nor do we perceive any ground upon which we can hold
that the ·evidence of the record of the entry .of appeal
must appear only from and by the transcript of record
required to be filed here. There can be no doubt that
an appellee may waive the formal record of the entry
of appeal if he chooses, and he can submit himself to
the jurisdiction of this court by a voluntary appearance,
notwithstanding a failure to record the notice of appeal.
This we have uniformly held ever since the statute was
passed. We have also been holding that where the
transcript fails to show the record of the entry of appeal,
the omission may be supplied by competent evidence
*dehors* the transcript, and in accordance with this rule
we have in several cases disposed of without written
opinions, permitted parties on motions to dismiss, to
produce copies of the entry of appeal taken from the
chancery order book and so certified by the clerk. While
it is necessary that the transcript should show a proper
entry or notice of appeal duly filed, in order to give juris-
diction of the subject-matter, the fact that such entry
has been duly recorded so as to give jurisdiction of the
person may be shown by any competent evidence, in or
out of the transcript. We have thought proper to ex-

press these views because there seems to be a misapprehension as to the effect of our decision in Chamberlin v. Finley, 40 Fla. 91, 23 South. Rep. 559, and appellee has referred us to that case in support of his contention that the transcript in this case fails to contain a certificate of the clerk showing the date when and the book and page where he recorded the notice of appeal. In the case mentioned suggestions were made as to the proper manner of evidencing to this court the fact that the entry of appeal had been properly recorded so as to give jurisdiction of the person of appellee, but that case did not decide, nor was it intended to decide, that a failure to comply with the suggestions there made would entail a dismissal of the appeal where it otherwise appeared to the court that it had acquired jurisdiction by the proper record of the notice of appeal. These suggestions pointed out a simple, easy, certain and at the same time convenient, manner of evidencing to us the jurisdictional fact, and if appellants and clerks of the Circuit Court would only follow them in making up transcripts, there would not be so many motions to dismiss based upon the failure of appellants to show clearly that the requirements of the statute have been complied with. The Chamberlin-Finley case did not lay down an absolute rule of exclusion, but the views here expressed are entirely consistent with what was there involved and intended to be decided. The entry of appeal incorporated into the transcript in this case is followed by a certificate of the clerk showing that it was filed September 2nd, 1898, and entered in the chancery order book, page 218. This certificate shows everything suggested for such a certificate in Chamberlin v. Finley, except the *date* of the record. The law requires the clerk to record the entry "forthwith," and we must presume, in the ab-

sence of any intimation to the contrary, that he did his duty and "forthwith" recorded it.

2. (A) As the second appeal was taken September 2, 1898, it was properly made returnable to the first day of the next succeeding term of this court, the second Tuesday in January, 1899. Spencer v. Travelers' Insurance Co., 39 Fla. 677, 23 South. Rep. 442. Appellant argues that an appeal must be taken to the next succeeding term after the entry of the decree appealed from, but there is nothing in our statutes to warrant such a construction. An appeal may be entered at any time within the statutory limitation of six months, and the return day must be either to the first day of, or in certain cases to a day within, the next succeeding term of this court after the entry of appeal; not the next succeeding term after the entry of the decree. The fact that appellants had attempted to appeal from the same decree to a prior term did not affect their right to enter the second appeal, because as we have shown the first appeal was a nullity and ineffectual for any purpose. American Finance Co. v. Perrine, 40 Fla. 412, 24 South. Rep. 484; Glasser, Kuder & Ottensoser v. Hackett, 37 Fla. 358, 20 South. Rep. 532.

2. (B) The entry of appeal which we have quoted from the transcript fails to identify the cause wherein the decree appealed from was entered, and fails to state the names of the parties taking the appeal, or those against whom it is taken. The statute, Chapter 4528, laws of 1897, does not prescribe the form of the entry or notice of appeal which it requires to be recorded, but its object being to substitute for the former practice of giving personal notice by citation or in open court, a species of constructive notice by recording upon a public record the notice or entry of appeal, it clearly contem-

plates that the record of the notice of appeal in the chancery order book shall be sufficiently full and explicit to advise the appellate court, as well as parties entitled to notice, that an appeal has been taken by definitely named parties, against definitely named persons. State *ex rel.* Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591. The statute does not impose upon the appellee the burden of informing himself of the taking of an appeal by his opponent in any manner other than as he may be advised by the proper recorded entry in the chancery order book. This book is not one kept exclusively for a particular case, but it is a record of the court in which is required to "be entered all orders taken in chancery except those required to be signed by the judge exclusively" (section 1390, Revised Statutes), and if the entry recorded in that book be insufficient to give the definite notice contemplated by the statute, this court will acquire no jurisdiction of the person of an appellee from the record of such defective entry. Parties reading the entry as recorded upon the chancery order book which we have quoted from the transcript of the record in this case would ascertain that an appeal had been attempted to be taken by attorneys for unnamed parties from a decree rendered on a certain day in some cause not named, but it would be impossible to know from that entry by and against whom and in what cause the appeal was entered. The form of notice of appeal in general use in this State for years prior to the enactment of Chapter 4528 is substantially the same as that followed by appellants in this case except that the old form gave the title of the cause and the names of the parties plaintiff and defendant, as the case stood in the trial court at the date of such appeal, but the form before us omits these essential matters, for the words

"come the defendants in the cause above named" are not preceded by the style of any cause, or the names of any parties plaintiff or defendant. The notice required to be recorded by the statute must be reasonably suffici- ent to effect the object of the statute, *i. e.*, to give notice of the appeal. The entry of appeal in this case, though recorded, was so defective in the particulars pointed out as to amount to no notice to appellee, and as this court has not acquired jurisdiction over him, the appeal en- tered September 2, 1898, is dismissed.