### MRS. E. L. MOORE V. MICHAEL MORAN.

#### FILED MARCH 5, 1902.    No. 11,348.

1. **Replevin: FIXTURES: MORTGAGE LIEN.** A mortgagee of real estate can not, because of his mortgage lien, maintain an action in replevin for the possession of property removed from the mortgaged premises which he claims as fixtures to the realty.

2. **Purchase of Land: THIRD PARTIES: NOTICE OF TITLE.** A purchaser of land, with notice of title in third persons to buildings situated thereon, takes the real estate subject to the rights of such third parties in and to such structures.

3. **Freehold: PERMANENT ANNEXATIONS: INTENT.** When it is evident that houses were intended as permanent annexations to the freehold, they become a part of the realty, and pass with a conveyance of it, and that without regard to the character of the foundations on which they stand. *Freeman v. Lynch,* 8 Nebr., 192.

4. **Building Used as Residence: PART OF FREEHOLD: TITLE: CLAIM OF OWNERSHIP: PURCHASE OF BUILDING.** A bona-fide grantee of real estate, without notice, on which is situated a building used as a residence and apparently a part of the freehold, will take title to the land, including such building, divested of a claim of ownership by a third party whose rights are based on an alleged purchase of such building from the grantor as chattel property.

5. **Petition in Error: AUTHENTICATION: TYPEWRITTEN SIGNATURE.** A petition in error can not be treated as a nullity and entirely disregarded because authenticated in the name of plaintiff in error by her attorney, giving his name, each appearing only in typewriting.

ERROR from the district court for Keith county. Tried below before GRIMES, J. *Reversed.*

*John H. Bower,* for plaintiff in error.

*Wilcox & Halligan, contra.*

HOLCOMB, J.

This is an action in replevin, the property in controversy being sections of lumber and building material which prior to the replevin action had formed the main portion of a

small dwelling house, 14x18 feet in size, with an addition thereto 12x14 feet. The house was located on a tract of real estate purchased by the plaintiff in the replevin action but a short time prior to the institution of the action. The defendant claimed the property in dispute, which composed the main part of the building, by reason of an alleged purchase of the then owner of the real estate, who afterwards conveyed to the plaintiff, and claimed the addition as her own property, which she had loaned to the grantee of plaintiff while occupying the real estate as the owner thereof. After the submission of the evidence the court, by a peremptory instruction, directed a verdict for the plaintiff, leaving to the jury only the question of damage, which it was stipulated was only nominal. A motion for a new trial being overruled, the defendant prosecutes error to secure a reversal of the judgment rendered against her.

As to the principal issues involved, the evidence is without substantial conflict or contradiction. The record discloses that the plaintiff in the replevin action had, long prior to the transaction out of which the litigation arose, been the owner of the real estate on which the buildings were situated and had sold the same to one Wilbur, who, to secure the purchase price, executed a note secured by a mortgage thereon in favor of the plaintiff as grantor. After the purchase of the land, Wilbur bought of the defendant in replevin the main portion of the building in controversy, agreeing to pay therefor $25. He also at the same time borrowed of her the structure known as the "addition," agreeing to return the same at a future time. He neither paid for the main building nor returned the addition. The buildings were placed on the land on stones laid on the surface of the ground, with railroad ties placed between the stones, and against which dirt was thrown, forming a sort of embankment to the foundation as thus made. The main building consisted of two rooms, lathed and plastered, and with a brick chimney. The addition formed only one room, with no inside finish, and was fast-

ened to the main building with spike nails. It is conclusively shown that the plaintiff had notice of the character of the ownership of the addition, and that it belonged to the defendant. Wilbur, a short time before this action was instituted, reconveyed the real estate by the usual warranty deed to his grantor, in satisfaction of the amount owing on the purchase price, which was secured by the mortgage mentioned. Prior to the sale of the real estate to the plaintiff, he had sold to the defendant the main portion of the building, of which the material composing the same is in controversy; and she, relying on this contract of sale and her ownership of the addition, removed the same from the real estate on which located. Whether the deed reconveying the premises to the plaintiff was executed and delivered before the defendant had removed the building, or a portion thereof, is in controversy. The deed bears date December 14, and plaintiff testifies that it was executed and delivered on that date. The addition appears to have been removed about that date, and the main structure subsequently thereto. The transaction resulting in a reselling of the main structure to the defendant, and her authority to remove the same, with the addition then belonging to her, occurred during the month of September previous. It is testified that the Wilburs gave possession of the premises to plaintiff prior to the execution of the deed reconveying the land to him. The plaintiff, to establish his right to the property, relies exclusively on his title thereto derived from the deed of conveyance of the real estate, together with such rights as accrued to him through his prior mortgage thereon. But the mortgage gave to the plaintiff only a lien on the real estate embraced in its terms, and, until the equities of the mortgagor have been adjusted and foreclosed, the mortgagee had no such legal title or possessory right to property in the nature of chattels removed from the mortgaged premises, even though claimed as fixtures, as would establish the mortgagee's right thereto in a legal action of replevin. He could not,

because of his mortgage lien on the land, maintain an action in replevin for property removed therefrom, and claimed by him to be fixtures and appurtenant to the real estate. *Davidson v. Cox,* 11 Nebr., 250; *Hoagland v. Lowe,* 39 Nebr., 397; *Triplett v. Parmlee,* 16 Nebr., 649; *Ellsworth v. McDowell,* 44 Nebr., 707.

This brings us to a consideration of the plaintiff's right to the property in controversy through and by virtue of the deed of conveyance of the real estate on which the structures were situated. Conceding the execution and delivery of the deed the day it bears date, the evidence is conclusive that at the time he purchased the land the plaintiff was aware the addition to the main structure was owned by the defendant in replevin, and that it had been placed on the real estate temporarily, and with the intention of the parties to return the same to the owner in the near future. He was personally cognizant of the fact that the landowner never acquired title thereto, and had possession of the structure only as a borrowed chattel.

The evidence does not disclose such attaching to the soil or the main building as to make it a fixture as a matter of law. It seems reasonably clear that all parties regarded and treated it as chattel property, that it was not the intention to affix it permanently to the land, and that it remained the property of the person loaning the same,— the defendant in the replevin action,—of all of which the plaintiff had notice. *Freeman v. Lynch,* 8 Nebr., 192; *Sword v. Low,* 122 Ill., 487; *McDonald v. Shepard,* 25 Kan., 112.

In any view of the record as presented to us, the defendant's title to this portion of the property was so indisputably established by the evidence that no question of fact was left for the determination of the jury. The rule is that a purchaser of land with notice of title in third persons to buildings situated thereon takes the real estate subject to the rights of such third parties in and to such structures. *Wilgus v. Gettings,* 21 Ia., 177; *Coleman v. Lewis,* 27 Pa., 291; *Crippen v. Morrison,* 13 Mich., 23, 33.

As to the property which comprises the main structure, the facts and circumstances are dissimilar. The evidence discloses that it was purchased of the defendant in the replevin action, and erected by the owner of the land, and finished as a residence, and apparently became a permanent accession to the freehold. It bore all the characteristics of a permanent fixture, and, so far as the evidence throws light on the question, was so intended when constructed. The defendant, who sold the house to Wilbur, so recognized the building as a part of the realty and filed a mechanic's lien for the purpose of securing to her the contract price for said building. It was used and occupied by the owner as a dwelling house, and apparently, to all intents and purposes, became a part of the realty, in the same manner as buildings in general do. The defendant claims the property by virtue of an alleged contract of sale made in September prior to the conveyance of the land to plaintiff in the following December. Nothing was accomplished in securing the delivery and possession of the property in pursuance of the alleged sale until after the plaintiff had purchased the land, and acquired title thereto and the possession thereof by his deed of conveyance dated December 14, 1897. He had no notice of the defendant's claim of title, and was a bona-fide purchaser, without reservation or exception by the grantor, and became entitled to all property that properly passed by the deed of conveyance he held. He relied on the situation as it then existed, disclosing, as it did, the main residence structure as a fixture belonging to, and part of, the real estate which he was purchasing. Under such circumstances, it can hardly be doubted that title to the building passed to him with the land, and whatever right the defendant may have had by her attempted purchase of the building as a chattel was thereby lost and she could not thereafter, as against the grantee, assert her right to it as a movable chattel. *Freeman v. Lynch,* 8 Nebr., 192; *Arlington Mill & Elevator Co. v. Yates,* 57 Nebr., 286, 292, and authorities therein cited; *Knowlton*

*v. Johnson*, 37 Mich., 47; *Ridgeway Stove Co. v. Way*, 141 Mass., 557; *Case Mfg. Co. v. Garven*, 45 Ohio St., 289; *Landon v. Platt*, 34 Conn., 517; *Rowand v. Anderson*, 33 Kan., 264; *Climer v. Wallace*, 28 Mo., 556. We conclude, therefore, that the plaintiff's title to such property is beyond dispute, and as to it no error was committed in directing a verdict for plaintiff.

It is argued by the defendant in error that, because the petition in error is not subscribed by the plaintiff in error or her attorney, it must be treated as a nullity, and as though no petition in error had in fact been filed in the case. The petition appears to be authenticated in the name of the plaintiff in error by her attorney in his own name, the names appearing only in typewriting. While probably the petition would be vulnerable to a motion to strike because not properly subscribed, we do not think it can be treated as a nullity and disregarded altogether. The petition in error is before us, purporting to be a pleading of the plaintiff in error, and an application of the party aggrieved for a review of the trial had, resulting in a judgment against her, assigning certain alleged errors in the trial of the action in the court below, and is, we hold, sufficient to require from us a consideration of the errors therein complained of.

The judgment, for the reasons first stated, must be reversed and the cause remanded, which is accordingly done.

REVERSED AND REMANDED.