Statement of the Case.
MONROE, J.
Peter C. Mahan alleges that he is the dative tutor of'the minors Lalmont, appointed in place of John M. Coos, by whom that office was “vacated”; that up to the month of June, 1901, Francis Martin was their undertutor; and that said Coos and Martin are indebted to said minors in the sum of $6,545.69. He further alleges that, after qualifying as tutor, he made demand upon said parties, without avail, for a settlement, and for a delivery to him of all money and other property belonging to, and all vouchers and receipts showing disbursements for account of, said minors; “that, in the absence of a statement from said tutor and undertutor, your petitioner has been compelled to ascertain the condition of said minors’ affairs as best he could, and * * * has found, from an examination of the records of this honorable court, that said J. M-Coos, at the time of his appointment, received from the said minors the sum of $7,171.70;. that there are statements in the record, the correctness of which petitioner has not been able to verify, showing collection of revenues and interest from other sources to the amount of $1,712.90; that said tutor and undertutor should be charged with an additional amount of $426.72, being interest due on the note of Mrs. Bryant from November 2, 1899, to May 20, 1901, and also for other revenues unaccounted for, and for interest on moneys used by said Coos — say, $500 — making, in the aggregate, $9,811.32, less a credit of $3,265.63, being the amount of cash in bank, mortgage notes, and other cash turned over to the clerk of this honorable court, leaving the aforesaid amount of $6,545.69 for which said tutor and undertutor are liable in solido to said minors; that said tutor has not been faithful to his trust, and has failed to account for all moneys and property received by him, and the undertutor has been negligent in his duties, and has failed to take proper steps for the protection of said minors, and has approved accounts for said minors which were not correct, and showing expenditures in excess of revenues; that an investment of moneys of said minors to the amount of $3,-600 was made on a piece of property, which property was sold at a foreclosure proceeding, instituted by said Coos, for $2,100, occasioning thereby a loss to said minors of about $2,525.19, and no steps were taken by said tutor or undertutor to convene a family meeting to have authorized the purchase of said property at sheriff’s sale if it had realized less than the amount invested. Petitioner avers that, though a suit was afterwards filed by said Coos, as tutor, against said Mrs. Bryant, to recover the balance due by her on her note, any judgment which will be rendered will be worthless, for the reason that said Mrs. Bryant is not possessed of any other means or property on which the judgment, or any portion, could be realized, and said minors are entitled to recover the full *120 amount of said claim from said Coos or Martin, and, upon their paying the same, they be subrogated to said minors’ rights in and to said suit of John M. Coos, tutor, vs. Mrs. Julia A. Bryant, No. 65,867; that the orders of court herein rendered October 30, 1899, and December 10, 1900, homologating . the accounts filed by said Coos and previously approved by said Martin as undertutor, should be annulled and set aside, because no such expenditures were ever made for said minors, and, if made, which is denied, they are in excess of the revenues.”
The petition concludes with a prayer that Coos and Martin be cited, and that there be judgment annulling the orders homologating the accounts thus referred to, and condemning said defendants in solido in the sum of $0,545.69, with interest and costs.
The defendant Coos excepted on the grounds :
(1) That the action, being a direct one for the recovery of a moneyed judgment, should have been filed as a separate proceeding, and regularly allotted, and that Division D is without jurisdiction.
(2) That the matters set up can be properly litigated only by means of an opposition to the final account of tutorship, to be presented by exceptor, and that the action is, therefore, premature.
(3) That the petition discloses no cause of action.
The defendant Martin filed an exception of no cause of action.
Upon February 5, 1902, the exception of prematurity filed on behalf of Coos was maintained, and on February 28th the exception filed on behalf of the defendant Martin was maintained. The plaintiff has appealed from this latter judgment, though, so far as appears from the record, no appeal has been taken from the former.
Opinion.
The plaintiff in this case seems to have proceeded upon the theory that the tutor and undertutor are bound by the same obligations, that the undertutor is liable in solido with the tutor for any maladministration of the latter, and that the tutor is liable in solido with the undertutor for that functionary’s negligence — a theory indicating misconception of the law and confusion of ideas. The tutor may misappropriate the entire estate intrusted to him, and the undertutor be in no wise to blame, and in no wise liable. Upon the other hand, whatever may be the liability of the tutor, it can in no case arise from the failure of the undertutor to discharge the duties imposed upon him. The cause of action against the tutor arising from his maladministration may, in a particular case, though it does not of necessity, constitute a cause of action against the undertutor; but until such a cause of action arises against the tutor it can in no case exist against the undertutor. Hence where, as in the case now before us, it has been judicially determined, in a suit to which the tutor, the -undertutor, and the complainant are parties, and by a judgment from which no appeal has been taken, that the suit does not lie against the tutor for the particular acts of maladministration complained of, but that the remedy is by an action to compel him to account for his entire gestión, and by way-,of opposition to such account, it must necessarily follow as the law of the case that the suit does not lie against the undertutor with respect to such particular acts of maladministration on the part of the tutor.
Apart from this, however, the petition discloses no cause of action against the defendant now before this court. The mere fact, if fact it be, that the tutor has failed to make a statement or settlement upon the demand of the plaintiff, or turn over to him assets, vouchers, or receipts, or that he has received money for which he has failed to account, or has failed to collect money which he ought to have collected, does not of itself impose any liability upon the undertutor, nor is he liable for failure to do those things himself, since they are not among the duties imposed upon him. Nor yet was it his duty to convene a family meeting in order that the tutor might be authorized to purchase at sheriff’s sale the property upon which he foreclosed the mortgage on behalf of his .wards. Non constar, that he was aware that such a proceeding had been instituted. Beyond those thus referred to, the petition contains the further allegations:
“That said tutor has not been faithful to his trust, and has failed to account for all moneys and properties received by him; and the undertutor has been negligent in his duties, and has failed to take proper steps for *122 the protection of said minors, and has approved accounts of said minors which are not correct, and showing expenditures in excess of revenues.”
Tbe allegation as to the unfaithfulness of the tutor imputes no liability to the undertutor; the allegation as to his own negligence does not set forth of what it consisted, or in what it resulted; and the allegation as to his approval of the accounts, which appear also to have been approved by the court, but which are not in the transcript, are equally defective, in that they do not necessarily convey the idea that the minors have sustained any loss by the action complained of. Moreover, the matter is one which should first be considered upon the accounting of the tutor.
The judgment appealed from is therefore affirmed.