W. E. LONG AND J. F. KIRKLAND, *Appellants,* v. E. L. SPHA-LER, H. L. SCOFIELD AND S. F. DERRICK, COPARTNERS, TRADING AS PINE CASTLE LUMBER COMPANY, *Appellees.*

En Banc.

Opinion Filed June 5, 1925.

1. Failure on the part of appellant to file in this court, on or before the return day of the appeal, a duly certified tran-

script of the record, together with two copies thereof, renders such appeal inoperative and subject to dismissal unless additional time for filing such transcript has been allowed by this court upon an application seasonably made and upon good cause shown.

2. Where a notice of entry of appeal in chancery has been filed with the clerk of the circuit court but has not been entered by him in the chancery order book as required by the statute, such an appeal, in the absence of an effectual waiver or general appearance by the appellee in the appellate court, is not in all respects effective.

3. Filing in the office of the clerk of the circuit court of a notice of entry of appeal, duly executed and in proper form, is sufficient to give the appellate court jurisdiction of the *subject matter* of the cause, but the due entry thereof in the chancery order book of the circuit court, or an effectual waiver or general appearance by the appellee in the appellate court, is necessary to give the appellate court jurisdiction over the *person* of appellee.

4. Where the appellate court has duly acquired jurisdiction of the subject matter of a cause, and the appellee appears specially and moves to dismiss for lack of jurisdiction over the person of appellee, if such motion is not confined exclusively to matters relating to jurisdiction over the person it will usually amount to a waiver or general appearance in the cause in the appellate court. But where such a motion, containing general grounds, is not filed until subsequent to the time when such appeal became inoperative by reason of the failure of appellant to file transcripts of the record on or before the return day, no extension of time having been granted, the motion will be ineffectual as a waiver or general appearance.

5. Although the statute does not expressly require a notice of entry of appeal in chancery to be signed, nevertheless good practice requires that an instrument of the dignity and critical effect of such notice should always bear the original signature or authentication of appellant or his solicitor.

6. When a notice of entry of appeal in chancery is filed in the office of the clerk of the circuit court, it is the statutory duty

of the clerk to forthwith record the same in the chancery order book. In the absence of refuting proof or circumstances, it will be presumed that the clerk performed his duty and that the record as made is a true and accurate transcription of the *original notice*, with nothing added and nothing omitted. Where the original record of such a notice as it appeared in the chancery order book, bore the names of counsel for appellant in the body of the notice and the signature of such counsel in the customary location near the bottom thereof, the record continuing in such form for a period of about seventy-four days, long subsequent to the time when the clerk should have verified his record and corrected the same against casual clerical errors, during which time it was inspected as to its accuracy and relied upon by solicitors for appellant, in the absence of proof to the contrary, it will be presumed that the original notice of entry of appeal bore the signature of counsel for appellant as shown by such record, although the clerk, after the lapse of the period of time referred to, attempts to make the record conform to a paper which he then believes to be the original, by expunging from the record the signature of counsel.

Especially is this true where there is in the record affirmative evidence indicating that the original notice was so signed.

7. It is the duty of the clerk to *promptly* correct the records in his charge against clerical errors in transcribing, if any, in order to preserve the accuracy of such records.

Motion to dismiss denied.

*Jones & Jones*, for Appellants;

*Maguire & Voorhis*, for Appellees.

STRUM, *J.*—From a final decree against them, made and entered by the Court below on August 26, 1924, appellants took an appeal to this Court. Notice of entry of said appeal was filed with the Clerk and entered in the chancery order book of the Circuit Court on September 26, 1924. The appeal was returnable in this Court December 10,

1924. On December 6, 1924, appellants attempted to take a second appeal from said final decre and also from a subquent decree confirming a sale made pursuant to said final decree, said decree of confirmation having been entered on November 17, 1924. This second appeal was returnable in this Court on March 5, 1925. Notice of entry of the second appeal was filed in the office of the Clerk of the Circuit Court on December 6, 1924, but appears to have never been entered in the chancery order book as required by the statute. Again, on February 20, 1925, appellants took a third appeal from the final decree aforesaid and from an order entered on November 3, 1924, denying a motion by appellants to vacate, correct or modify said final decree. The notice of entry of the third appeal was filed with the clerk and entered in the chancery order book of the Circuit Court on February 20, 1925, and was returnable in this Court on May 12, 1925.

On May 2, 1925, upon motion of appellants, this Court dismissed, without prejudice, the first appeal entered September 26, 1924, and returnable December 10, 1924.

On May 6, 1925, appellees moved in this Court to dismiss the attempted second appeal, returnable March 5, 1925, notice of which was filed with the Clerk of the Circuit Court but never entered in the chancery order book, upon the grounds that at the time said appeal was taken there was a prior appeal to this Court still pending and effective, and that appellant had not filed in this Court, on or before the return day of said appeal, a duly certified transcript of the record, and two copies thereof, as required by statute and the rules of this Court.

At the time of the making of this motion, there was no prior appeal to this Court, from the same order or decree, either pending or effective. Ths prior (first) appeal had been dismissed on May 2nd, 1925. The motion is therefore

not well taken as to the first ground thereof. Together with and as a part of said motion to dismiss said second attempted appeal, appellants present a certificate from the clerk of the court below testifying to the fact that said appeal had been sued out in the court below, returnable March 5, 1925. Upon this showing, the return day having passed, it is under the statute, the *duty* of this Court to dismiss this appeal, it appearing that appellants have failed to file in this Court a duly certified transcript of the record and two copies thereof, as required by Sections 3173 and 2915, Revised General Statutes, 1920, and Rule 11 of this Court, no good reason to the contrary being shown. The motion to dismiss the attempted second appeal, returnable March 5, 1925, is therefore granted, upon the second ground thereof.

On May 6, 1925, appellees further moved to dismiss the third appeal, upon the grounds:

"1. That at the time said appeal was taken there was a prior appeal to this Honorable Court still pending and effective.

"2. The notice of said appeal being unsigned, said appeal is null and void."

The first ground of the motion is not well taken, because, at the time the motion was made, there was no prior appeal to this Court, from the same order or decree, then pending or effective. The first appeal had been dismissed on May 2, 1925. The attempted second appeal has never become in all respects effective within the meaning of the opinion in The American Contract & Finance Co. v. Perrine, 40 Fla. 412, 24 South. Rep. 484. because the notice of entry thereof has never been entered in the chancery order book of the court whose order or decree was sought to be thereby reviewed, as required by Section 3172 Revised General Statutes, 1920, and there having been no effectual waiver or

general appearance therein by appellees, this Court, under said attempted second appeal, has never acquired jurisdiction of the persons of appellees, as distinguished from jurisdiction of the subject matter of the cause, jurisdiction of both parties and subject matter being essential to render the appeal in all respects effective. Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336; Stovall v. Stovall, 77 Fla. 116, 80 South. Rep. 744; Garner v. Garner, 83 Fla. 143, 90 South. Rep. 819; City of Orlando v. Macy, 45 Fla. 524, 34 South. Rep. 298; Griffith v. Henderson, 52 Fla. 507, 42 South. Rep. 705; Ropes v. Kemp, 44 Fla. 702, 33 South. Rep. 244; Southern States Land & Timber Co. v. Lowe, 61 Fla. 775, 55 South. Rep. 73; Henry Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, 76 South. Rep. 695.

The notice of entry of said attempted second appeal being sufficient in form and substance to give this Court jurisdiction of the *subject matter* upon its filing with the Clerk below, and the motion to dismiss said appeal being not confined exclusively to questions of jurisdiction, such motion, under proper circumstances, might operate as a waiver or general appearance and thus effectuate the second appeal by giving this Court jurisdiction of the persons of appellees. But this motion was not filed until May 6, 1925, long subsequent to the return day of said second appeal, and when this motion was filed, said appeal had long since become inoperative by reason of the failure of appellants to file the transcript of record, and copies. Although upon proper and timely application and good cause shown, this Court could have extended the time for filing said transcripts, no such application was made, and the appeal having thus become inoperative, the general grounds of appellee's motion to dismiss, filed subsequent to the return day, were ineffectual as a waiver or general appearance, and

hence the second appeal never became fully effective. The third appeal was apparently entered while the first appeal and the second attempted appeal were *pending*. But as we have seen, a subsequent appeal so entered is not void but merely irregular. American Contract & Finance Co. v. Perrine, *supra*. Prior to the filing of appellees' motion to dismiss on May 6, 1925, the first appeal had been dismissed on motion of appellants, and was therefore neither pending not effective when appellees moved the dismissal of the third appeal, and the second attempted appeal has never become fully effective for the reasons stated. Therefore, when appellees' motion to dismiss the third appeal was filed, there was no prior appeal to this Court from the same order or decree then pending and effective. The motion to dismiss the third appeal is not well taken upon the first ground thereof.

As to the second ground of the motion: The body of said notice of entry of the third appeal contains the following words; presumably written by a typewriter: "Now on this 20th day of February, 1925, comes the defendants W. E. Long and J. F. Kirkland, by their solicitors Jones & Jones, and enter their appeal to the Supreme Court," etc., the order or decree appealed from being properly designated. At the conclusion of said notice of entry, and somewhat beneath the main body thereof, appears the words: "Solicitors for Defendants Appellants." Appellees claim that this notice of entry was not signed, in that the names of said solicitors for appellants were not written with pen and ink, pencil, or otherwise, in the customary manner at the conclusion of the notice and immediately preceding the title "Solicitors for Defendants Appellants," and the certified copy of the notice of entry of the third appeal, as it appears in the transcript of record, does not contain the names "Jones & Jones" at the conclusion thereof where the signature of counsel usually appears.

By the affidavit of one of said solicitors, filed in opposition to the motion, which affidavit is uncontradicted, it appears that the words "Jones & Jones, Solicitors for Defendants Appellants," written by typewriter, appear on the back of the original notice. By said affidavit it further appears that the record of said notice of entry of the third appeal, as it appeared in the chancery order book from about February 20, 1925, to about May 5, 1925, bore the name "Jones & Jones" at the conclusion of said notice, at the place where the signature of counsel customarily appears, and immediately preceding the words "Solicitors for Defendants Appellants," but that said words "Jones & Jones" were expunged from the record by authority of the Clerk on or about the latter date, by drawing a pencil mark through said words. Said affiant further deposes that he "verily believes" that the original of said notice was duly signed by solicitors for appellants in the customary manner by pen and ink, and that this original notice was filed with and duly entered by the clerk in the chancery order book, including, necessarily, the said signature of "Jones & Jones," but that by inadvertence the unsigned office copy of said notice, prepared for the office files of said solicitors, was also left in the clerk's office, being later discovered there by the Clerk and treated as the original, following which the Clerk removed from the record of the notice of entry of appeal, as the same had stood for more than two months, the words "Jones & Jones," so that the record would conform to the supposed original notice.

Section 3172, Revised General Statutes, 1920, providing for notice of the entry of appeals in chancery, does not in express terms require such notice of entry to be signed either by the appellants or by counsel. Under similar statutes, able courts have held such signature to be not essential to the effectiveness of the notice, where the names of the appellants or of counsel, or either, are written by a type-

writer in the body of the notice. State Board of Health v. McCue (N. J.) 60 Atl. Rep. 1094; Moore v. Moran, 64 Neb. 84, 89 N. W. Rep. 629. Other able courts have held that although the statute does not expressly require the notice to be signed, such requirement is implied, and where the notice contains neither the names of appellants or their counsel in the body, nor a signature at the bottom, such notice is defective and ineffectual to transfer the cause to the appellate court. Merrill v. Trimbrell (Iowa) 95 N. W. Rep. 237; State Savings Bank of Rolfe v. Ratcliffe, 111 Iowa 662, 82 N. W. Rep. 1011; Eaton v. Supervisors of Manitowoc County, 42 Wis. 317.

We think that even in the absence of an express requirement in the statute, good practice requires that an instrument of the dignity of a notice of entry of appeal in chancery, performing such an important and critical function as it does, should always bear the original signature or authentication of appellant or his solicitor, written in pen and ink or in some other original and customary form, from which it will appear that the instrument has been unquestionably signed or authenticated by or on behalf of the party appellant.

In the instance now under consideration, we think the unquestioned presence of the signature ''Jones & Jones'' at the bottom of the notice of entry of appeal, as the same appeared of record in the office of the clerk of the circuit court from February 20, 1925, to May 5, 1925, is inconsistent with the contention of appellees that said notice of entry of appeal was unsigned. The record of the notice entered in the chancery order book should have been made by the Clerk from nothing other than the original notice of entry of appeal filed with the Clerk on behalf of appellants. When such a notice is filed in the office of the Clerk, it is the statutory duty of the latter to forthwith accurately and

faithfully enter the same in the chancery order book, add-ing nothing and omitting nothing. It is not to be presumed that the Clerk of the Court, or the recording stenographer acting under his direction, would have voluntarily added to the record of the notice any words which did not appear upon the original paper from which the record was made. On the contrary, the presumption is that the record is an accurate and faithful transcription of the original. See Garrison v. Parsons, 41 Fla. 143, 25 South. Rep. 336. The record of this notice of entry of appeal, as it was originally transcribed in the chancery order book, and as it appeared therein from about February 20, 1925, to about May 5, 1925, bore the signature "Jones & Jones" immediately above the designation "Solicitors for Defendants Appel-lants." In the absence of any refuting circumstances or proof, we must presume that such signature appeared on the original notice. There is no evidence before us to neg-ative this presumption by showing that the original of the notice of entry of appeal was in fact unsigned and that the Clerk was in error in originally copying the signature into the record. Nor is there any evidence or intimation that the writing into the record of the words "Jones & Jones" was a casual clerical error which it would be the duty of the Clerk to *promptly* correct in order to preserve the accu-racy of the record. On the contrary, we are confronted with the undisputed showing that the solicitors for appel-lants filed in the Clerk's office the original notice of entry of appeal, which said original one of said solicitors deposes he "verily believes" was signed, this belief being corrobo-rated by the existence of the signature on the record for the period stated; that the record of said notice, as originally made, bore the requisite signature of the solicitors at the bottom; that the record exised in such form for a period of about seventy-four days, during which time it was seen,

inspected and relied upon by solicitors for appellants; that by some inadvertence the solicitors' unsigned office copy of said notice was also left in the Clerk's office, and that this copy being subsequently found there and supposed by the Clerk to be the original the record was made to conform to this supposed original, but in fact a copy, by striking out the signature, this action having been taken by the Clerk after the expiration of the time when a new appeal could be taken from the final decree of August 26, 1924, and long subsequent to the time within which the Clerk should have fully verified the record and corrected the same against casual clerical errors.

With such an undisputed showing before us, we must necessarily hold that the notice of entry of said third appeal was in form and substance sufficient to give this court jurisdiction of the subject matter of the cause upon the filing of said notice with the Clerk of the court below, and when properly entered in the chancery order book, as required by the statute, is sufficient to give this court jurisdiction of the persons of appellees.

The motion to dismiss the third appeal is therefore denied, which leaves the matter pending in this court upon the notice of entry of appeal filed and entered on February 20, 1925, and returnable May 12, 1925.

WEST, C. J., AND WHITFIELD, ELLIS AND TERRELL, J. J., concur.