CLIMER *et al.*, Respondents, v. WALLACE, Appellant.

1. A worm fence is a part of the freehold and passes along with the land upon which it is built.
2. Where two adjoining proprietors agree to put up a partition fence between them, each to own that portion of the fence put up by himself, and the fence built by one is mistakenly located upon the land of the other, and the latter sells his tract to a person who has no notice of the agreement as to the ownership of the fence, such purchaser will take the fence so located upon his land.
3. The corners established by the United States surveyors in surveying the public lands are conclusive as to the actual location of the boundary lines of sections and such subdivisions thereof as are authorized by the laws of the United States; it can not be shown that the United States surveyors mistakenly located such corners.

*Appeal from Maries Circuit Court.*

The facts in evidence sufficiently appear in the opinion of the court. The court gave the following instructions at the instance of the plaintiffs: "1. In ascertaining the boundaries of United States lands according to the government surveys, the boundary lines actually run and marked by the public surveyors are to be taken as the true boundaries, although such marked boundaries may not correspond with the courses and distances. Courses and distances must yield to an ascertained corner or boundary, and although such corners or boundaries may have been effaced or destroyed, yet if the locality can be ascertained by ———— testimony, it will prevail. 2. Boundaries may be proved by a witness

who is acquainted with the lines and corners run and established by the surveyor, although he never saw the land surveyed; but if the jury find that witnesses were not familiar with lines and corners of government surveys, their evidence will be disregarded. 9. If the jury believe from the evidence that at the time of the purchase by plaintiffs, or either of them, of the south-east quarter of the north-east quarter of section thirty, township forty, of range seven west, he had no notice of the partition fence between said land and that of defendant, and was not apprised of the circumstances under which said fence was put up, and further believe that defendant wrongfully and without leave removed from the land of the plaintiff the rails claimed in his statement of facts, or any less number, they will find for plaintiffs the value of said rails so removed by defendant."

The court gave the following instructions asked by defendant: " 1. Unless the jury believe from the evidence that the defendant took the rails sued for off the land of the plaintiffs, the jury will find for the defendant. 2. Although the jury may believe the defendant took the rails sued for off of the plaintiffs' land, yet if they further believe from the evidence that, before plaintiffs purchased said land and while it belonged to Pinnell, he and defendant made the fence in controversy, with the understanding that so much of the fence made by each should be the property of each one as made by himself; and further, that, before the payment of the purchase money and the reception of the deed by the plaintiffs from Pinnell, he informed plaintiffs or either of them of defendant's right to said rails, the jury will find for the defendant."

The court, of its own motion, gave the following instruction : " The lands of the plaintiffs and defendant being divided by descriptions as given in the deed of the plaintiffs from Pinnell, the boundary line actually run and marked by the public surveyor is to be taken and considered as the true boundary or dividing line between the parties, and the witnesses in this cause were permitted to speak of their surveys

36—VOL. XXVIII.

and examinations only for the purpose of explaining the means resorted to for the purpose of discovering the United States survey."

The jury found for plaintiffs.

*Parsons* and *Pomeroy*, for appellant.

I. The court erred in giving the ninth instruction. It was not necessary that plaintiffs should have notice of the arrangement between Pinnell and defendant in regard to the partition fence. The court should have given the defendant's third instruction. The land was surveyed by the officer authorized by the law. Defendant had the right to adopt the lines thus established. (4 Pick. 242; 4 Barr, 236.) The court erred in giving the instructions of its own motion.

*Ewing* and *Batte*, for respondents.

1. There was no error in the ninth instruction. The third instruction asked by defendant was properly refused. (4 Pick. 239.) Neither ignorance nor mistake will excuse a trespass. The instruction given by the court at its own instance contained no error.

SCOTT, Judge, delivered the opinion of the court.

One Pinnell and the defendant, Wallace, were owners of a tract of land adjoining each other. It seems that the two tracts were legal subdivisions of sections as required to be subdivided by the laws of the United States. They agreed to run a partition fence between them, each one to have the portion of the fence he should make. Before the fence was put up, the line was run by the county surveyor between the owners, and it was supposed that each owner had put his portion of the fence on his own land. Afterwards, Pinnell conveyed his tract to the plaintiffs, G. & J. Clymer. The defendant, having cause to apprehend that his fence was over the line and on the land which the plaintiffs had purchased from Pinnell, removed the fence he had put

up a few feet, and placed it on his own land. There was some evidence that the plaintiffs, at the time of their purchase from Pinnell, were aware of the existence of the agreement between him and the defendant Wallace in relation to the dividing fence, and that one of them said that the defendant Wallace was entitled to the rails, as he had made and put them up, and should have them if he would let them remain where they were. This is an action for taking away or removing the rails by the defendant. There were many instructions in the case, all of which will not be noticed. There was a verdict for the plaintiffs and a new trial granted, and on a second trial there was again a verdict for the plaintiffs.

This seems to be a hard action, judging from what appears on the record, but the law must have its way. Our courts hold that a worm fence is a part of the freehold and passes along with the land on which it is built. The agreement between Pinnell and the defendant Wallace in relation to the fence did not affect the plaintiffs. They would look to the title papers of Pinnell in order to ascertain what they were buying, and, if they showed that they were entitled to the fence by reason of its being part of the estate which they purchased, they could not be affected by any agreement to which they were not parties, and of which they had no notice. Wallace, the defendant, should have seen that his agreement with Pinnell was put upon the record in such a way as to be noticed. The jury found that the plaintiffs had no notice of the agreement, for, by an instruction given by the court, the case was made to turn on the fact whether the plaintiffs had notice of the agreement between Pinnell and the defendant.

The corners established by the original surveyors under the authority of the United States could not be altered, whether properly placed or not, and no error in placing them could be corrected by any survey made by individuals or by any surveyor deriving his authority from the laws of the state. This, it is conceived, is the idea conveyed by the

instruction given by the court at its own instance, which, though not very happily expressed, could not have misled the jury, as it does not appear that the fact the fence was on the land of the plaintiffs was contested on the trial. The other surveys were offered, at least those on the part of the defendant, to show the innocency of his intention in placing the fence where he did.

Affirmed ; the other judges concur.