HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant,* v. CRAWFORD.

**Fence-rails, when part of the Freehold**: SALE: TRESPASS: TREBLE-DAMAGES. A person in possession of land under a contract of purchase, by the terms of which it is provided that a failure to pay at the time agreed upon shall work a complete forfeiture of his interest, has no right, after default made, to sell the fence-rails used to inclose the premises. The fence constitutes part of the freehold, and the fact that the rails may at the time be accidentally or temporarily detached from it, does not change their nature. A sale under such circumstances carries no title, and if the purchaser removes them, he becomes liable as a trespasser, but not necessarily in treble-damages.

*Appeal from Shelby Circuit Court.*—Hon. John T. Redd, Judge.

*George W. Easley* for appellant.

Hough, J.—This was an action of trespass, under the statute, for treble-damages for removing rails.

On the 1st day of May, 1872, the plaintiff contracted in writing with one Lewis E. Miles for the sale of the land described in the petition, for the sum of $320, payable in ten annual installments. In January 1873, Miles entered into possession under the contract, and built a fence with rails made from timber growing on the land. He made default in the payment of the installment due on May 1st, 1873, and in November, 1873, he sold the rails to defendant, who hauled them away, and in December following he left the premises. Plaintiff instituted the present action on the 13th day of January, 1874. The court virtually instructed the jury that the plaintiff could not recover. Plaintiff, thereupon, took a non-suit with leave to move to set the same aside, and has brought the case here by appeal. By the terms of the contract of sale under which Miles entered into possession of the land sold, time was declared to be of the essence of the contract, and a failure on his part to punctually pay each annual installment of the purchase money as it became due, worked a forfeiture of the contract. It was further provided in said contract that, in the event of the default of Miles in making payment "the right of possession and all equitable and legal interests in the premises" contracted for, were to revert to and revest in the plaintiff, "without any declaration of forfeiture, or act of re-entry, or any other act of said first party, and without any right of said second party of reclamation or compensation for moneys paid or services performed, as absolutely, fully and perfectly as if this contract had never been made." There is no question of waiver in this case. No act was done by the plaintiff

after the default and forfeiture of Miles, recognizing or restoring his rights as vendee, and although he remained in possession of the land, he had no rights therein which he could transfer to the defendant. The fence was a part of the freehold, and the fact which was alluded to in one of the instructions given by the court that the materials of which it was composed were accidentally or temporarily detached, worked no change in their nature. *Goodrich v. Jones,* 2 Hill 142; *Walker v. Sherman,* 20 Wend. 639; *Climer v. Wallace,* 28 Mo. 556. The defendant acquired no right by his purchase, and is liable as a trespasser for removing the rails, but on the facts now before us, we do not think he is liable for treble-damages. The judgment is reversed and the cause remanded. All concur.

REVERSED.