## C. A. BAST, Respondent, v. JOHN T. MASON, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs May 8, 1912. Opinion Filed June 4, 1912.

1. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict supported by substantial evidence is conclusive on appeal.

2. **FIXTURES: Fences: Real Property.** A fence located wholly on a lot is appurtenant to it.

3. **APPELLATE PRACTICE: Trial Practice: Exclusion of Evidence: Offer of Proof.** The exclusion of evidence will not be reviewed on appeal, where the record does not show what it would have been, had it been admitted.

4. ———: **Right to Complain: Instructions: Refusal of Instruction Making Admission: Fences.** In an action for damages for the removal of a fence, where it appeared that plaintiff and defendant owned adjoining lots, and each claimed that the fence was on his lot, *held* that defendant will not be heard to complain, on appeal, of the refusal of an instruction that if plaintiff, before he purchased his lot from defendant, examined it and saw the location of the fence, and if he intended to purchase and did purchase the land between the fence and the other line of his lot, then plaintiff was not entitled to recover, since the instruction admitted that, when plaintiff purchased the lot, he saw that the fence was on it.

Bast v. Mason.

5. **CONVEYANCES: Conclusiveness: Intention of Grantee: Fences: Instructions.** In action for damages for the removal of a fence between lots owned, respectively, by plaintiff and defendant, an instruction that if plaintiff, before he purchased his lot from defendant, saw the fence on the lot and noted its location, and if plaintiff intended to purchase and did purchase the land between the fence and the other line of his lot, then plaintiff was not entitled to recover, was properly refused, since it did not call attention to any acts which might have indicated such intention on the part of the plaintiff, and it was not competent for the jury to find what his intention may have been unless it was indicated by acts, and since, also, the instruction would make the intention of plaintiff, as purchaser, prevail over the deed, when the deed was the measure of his title.

6. ———: ———. A deed is the measure of the grantee's title, and, in the absence of fraud or mistake, he cannot be assumed to have intended to purchase anything not covered by it, and he is conclusively presumed to have purchased all the ground between the lines called for in it.

7. **FIXTURES: Fences: Real Property.** A fence is part of the freehold and passes with the land on which it is built.

8. **REAL PROPERTY: Boundaries: Fixing by Agreement: Effect on Third Parties: Fences.** A fence between two tracts of land, put up by agreement between the owners, may be binding on them as indicating the boundary line, but is not binding on a third party, unless he has knowledge of the agreement and assents to it.

9. **INSTRUCTIONS: Refusal: Not Based on Any Evidence.** An instruction which submits a hypothesis not warranted by any testimony in the case is properly refused.

10. ———: ———: **Covered by Other Instructions.** It is not error to refuse an instruction which submits matters that are fully covered by other instructions given.

11. **CONVEYANCES: Conclusiveness: Fences: Instructions.** In an action for damages for the removal of a fence which each of the parties (who were adjoining proprietors) claimed was located on his lot, where the jury were clearly instructed as to the matters of the location of the fence with reference to the lots and the rights of the respective parties as dependent thereon, the refusal of an instruction offered by defendant, that if, at the time the fence was erected by defendant (who was plaintiff's grantor), there were stakes set in the line between the two lots to designate the line between them, and the stakes designated the true line, and defendant

built the fence on that line, plaintiff could not recover, was not reversible error, inasmuch as it was covered by other instructions, and inasmuch, also, as it omitted reference to the conceded fact that plaintiff bought his lot from defendant and had a right to rely on the description of it given in the deed, unless estopped by same act of his own, of which there was no evidence.

12. **REAL PROPERTY:** Boundaries: Monuments. Wooden stakes or pins, about an inch square, driven by an auctioneer at points supposed to be the corners of lots in a block, several years after the addition was laid out, do not constitute permanent monuments.

13. **CONVEYANCES:** Conclusiveness: Real Property: Monuments. A grantor and his grantee are bound by the description in the deed and by the description of the lot as found in the recorded plat of it, and not by temporary stakes set in the ground, as locating or bounding the lot, although they may, by agreement, establish a different boundary from that called for in the deed, or may, by long acquiescence in a fixed boundary, marked out and established, estop themselves from asserting that it is not the true line.

14. **REAL PROPERTY:** Boundaries: Estoppel: Sufficiency of Evidence. In an action for damages for the removal of a fence between lots owned, respectively, by plaintiff and defendant, *held* that there was no evidence to warrant a finding that plaintiff was estopped to claim that the boundary line of his lot was other than that described in the deed thereto.

Appeal from Audrain Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*F. R. Jesse* and *E. S. Gantt* for appellant.

(1) The court erred in refusing instructions requested by appellant. Jones v. Poundstone, 102 Mo. 243; Whitehead v. Ragan, 106 Mo. 233; St. Louis v. Koch, 169 Mo. 591; Jamison v. Fopiano, 48 Mo. 194; Evans v. Green, 21 Mo. 170; Kronenberger v. Hoffner, 44 Mo. 185; Dolde v. Vodicka, 49 Mo. 98; Meyers v. St. Louis, 82 Mo. 373; Orrick v. Bower, 29 Mo. 210; Carter v. Hornback, 139 Mo. 243; Campbell v. Gas

Co., 84 Mo. 372. (2) The court erred in giving instructions on behalf of respondent. Authorities cited under point 1. (3) The court erred in refusing to admit competent and proper testimony offered on behalf of appellant. Authorities cited under point 1; Mining & Smelting Co. v. Davis, 156 Mo. 422; McKinney v. Doan, 155 Mo. 287; 2 Ency. of Ev., p. 711.

*Fry & Rodgers* for respondent.

(1) The instructions given by the court properly declared the law. Climer v. Wallace, 28 Mo. 556; Railroad v. Crawford, 68 Mo. 81.

REYNOLDS, P. J.—This is an action to recover twenty-five dollars actual damages and $100 punitive damages, brought by plaintiff against defendant for the alleged unlawful, wanton and malicious removal of a fence between their two lots, the lots situated in the city of Mexico, plaintiff claiming that the fence was wholly upon his lot No. 3, in block 4, of H. P. Warden's Addition to the city of Mexico, whereas defendant claims that the fence was wholly upon his lot No. 2 of the same block and addition, the two lots adjoining, that of plaintiff being immediately south of that of defendant, each lot, according to the plat and deeds, supposed to have a width of seventy-five feet on Jefferson street in that city.

At the conclusion of the trial the jury returned a verdict for plaintiff, awarding him one dollar actual damages but finding no punitive damages. Interposing a motion for new trial and excepting to it being overruled, defendant has duly perfected appeal to this court.

It is true that the amount involved in this case is small but as usual in the case of disputed boundaries the real controversy turns on the boundary line between the two lots, so that the case warrants careful

consideration, its importance not being measured by the mere nominal amount of the award of damage. As is also usual in cases of this kind, a great mass of conflicting testimony as to the actual boundary line between these two lots was taken, the abstract of the evidence in this case, exclusive of the record proper and as set out in the abstract of the bill of exceptions and exclusive of the instructions, covering some 245 pages.

The weight of the evidence as to where the fence in controversy and which defendant removed was actually located with respect to the two lots, that is, whether it was on lot 2 or lot 3, is not open for our determination. The verdict of the jury finds it was located wholly upon lot 3. That verdict is supported by substantial testimony. Being so located, the fence was appurtenant to lot 3 (Climer v. Wallace, 28 Mo. 556, l. c. 559), and admittedly that lot was purchased by plaintiff from defendant and belongs to plaintiff.

The only questions open to us on this appeal arise over the admission and exclusion of testimony and the giving and refusal of instructions. These questions are covered by three assignments of error made by the learned counsel for appellant, defendant below. First, that the court erred in refusing instructions requested by appellant. Second, that the court committed error in giving instructions on behalf of respondent, and third, that it committed error in admitting incompetent and improper testimony offered in behalf of appellant. Learned counsel for appellant have taken up these questions in inverse order and we will follow them in that course.

The error complained of as to the exclusion of evidence is as to the evidence of four witnesses, one of them the defendant, it being claimed that the trial court had refused to permit them to testify fully to the location of the boundary line of these lots as marked by pegs set in the ground at the time the addition in

which they are situated was sold. We have read over all the testimony of these witnesses and are unable to find that any of it that was competent, relevant or proper has been excluded. As to some of this excluded evidence, it is to be said of it that it is not before us. Questions were asked of the witnesses, objections made to the questions for various grounds, objection sustained, exception saved and no answers given. The trouble with this is, that it nowhere appears what the answers of the witnesses to these questions would have been or whether their answers would have thrown any light whatever upon the points in issue. Under such circumstances we have held, following in that the rule established by the Supreme Court in many cases, that there is nothing open to review. We cannot indulge in the supposition that the answers would have been relevant, competent or material, in the absence of any information whatever as to what those answers would have been.

The three instructions Nos. 2, 4 and 5 asked by defendant and refused are the ones to which error is now assigned. The second instruction asked by defendant is to the effect that if the jury believe from the evidence that plaintiff, before he purchased the lot in question from defendant, examined the lot and saw the fence in question on the lot and noted where it was located, and if the jury further believe from the evidence that in purchasing the ground from defendant, plaintiff intended to purchase and did purchase the ground located between the fence in question as it stood and the north line of the lot which he purchased, then their verdict should be for defendant. We hardly think that it lies in the mouth of defendant to complain of the refusal of this instruction. It distinctly admits that when plaintiff purchased the lot he saw and noted that the fence was on it. The more serious objection to it is to that clause which undertook to instruct the jury that if they found from the

evidence that when plaintiff purchased the lot from defendant, he intended to purchase the ground located between the fence in question as it stood and the north line of the lot, their verdict should be for defendant. It was not for the jury to find the intention of plaintiff, unless that intention is indicated by acts, and no attention is here called to any acts that might have indicated an intention. Furthermore, this bare statement disregards the deed and would make the intention of plaintiff as purchaser prevail over his deed. The deed was the measure of his title and he cannot be assumed, in the absence of allegations of fraud, mistake or misrepresentation, to have intended to purchase anything not covered by the deed. Conversely, he is conclusively presumed to have purchased all the ground within the lines called for in his deed. There was no error in refusing this second instruction.

By the fourth instruction the court was asked to charge the jury, in substance, that if they found from the evidence that the lots in controversy were marked off by stakes at the corners thereof by the owners of the lots and that the lots were put up and sold at public auction with boundaries as shown by the stakes and that the purchasers of the lots took possession thereof and located their fences and improvements according to the line as marked out and designated by these stakes and for a number of years regarded the lines as marked out by the stakes as the true line between the lots, then the line as shown by the stakes was the true line between the lots. That is not a correct proposition of law. It is the law of our state that a fence is part of the freehold and passes along with the land on which it is built. [Climer v. Wallace, supra.] If it has been put up by agreement between two parties, it may be binding as to them but it is not binding as to a third party unless he had notice of such agreement and assents to it. Even a purchaser of one of the lots, not a party to the agreement, in mak-

ing the purchase of his lot would naturally look to the title papers, in this case including the plat of the addition duly executed, acknowledged and on file, in the office of the recorder of the county in which the land was situated, to ascertain what he was buying, and if those papers showed that the purchaser was entitled to the fence by reason of it being part of the estate he was purchasing, that purchaser would not be affected by any agreement as to which he was not a party and of which he had no notice. [Climer v. Wallace, supra.] There is not a particle of evidence in this case to show that at any time this plaintiff ever agreed that this fence was wholly on defendant's lot; on the contrary, the evidence tends to show that he had always supposed that it was on his own lot and was the north boundary between his lot and that of defendant, who was the owner of the lot immediately north of him. Plaintiff was not a purchaser at that auction, nor is there any pretense that the fence was there by any agreement between plaintiff and defendant. [Hannibal & St. J. R. R. Co. v. Crawford, 68 Mo. 80, l. c. 82.] This fourth instruction was properly refused.

By the fifth instruction defendant asked the court to charge the jury that if they believed from the evidence that at the time the fence herein sued for was erected by defendant, there were stakes set in the line between lots 2 and 3 to designate the line between them and that the stakes did designate the true line between said lots 2 and 3, and that the defendant when he built the fence placed it on that line, then their verdict should be for defendant. In the case at bar plaintiff purchased his lot from defendant. In instructions given at the instance of plaintiff the court distinctly instructed the jury that if they found that at the time plaintiff purchased the lot and accepted the deed, the fence was standing wholly upon lot 3 and was built upon it as a permanent fence, then the fence was part of the realty and title to it passed with the deed to lot

3.    The court repeated this in another instruction As the matters of the location of the fence with reference to the lots and the respective rights of the parties as dependent on that were clearly before the jury by instructions given, we do not think that the refusal of this instruction No. 5 was reversible error, even assuming that it states the law correctly as far is it goes. But it was erroneous in leaving out all reference to the conceded fact, that plaintiff bought his lot of defendant and had a right to rely on the description of the lot as given in his deed and shown on the recorded plat unless estopped by some act of his own.

The testimony as to the character of the stakes falls far short of constituting them permanent monuments, as is contended for by learned counsel for appellant. It appears that when this addition was laid off the corners of the whole addition, comprising four blocks, possibly of the blocks also, were marked by iron stakes. While the lots and blocks were carefully described in the plat, their width and depth, the width of alleys and streets carefully designated, no stakes or monuments marked the lot corners or lines. Several years after the addition was laid off it appears that lots in the addition were to be sold at auction and some one, the actioneer apparently, had driven wooden stakes, the length not given, "more properly pins," the witnesses describe them, or as defendant himself says, "wooden pins probably an inch square or such a matter, an ordinary wooden pin," at what was supposed to be the corners of the lots in the blocks. These are what are called "monuments," which the learned counsel contend must control in the interpretation of the deed and in the location of the lot. One of the principal cases relied upon for this by learned counsel for appellant is that of Whitehead v. Ragan, 106 Mo. 231, l. c. 234, 17 S. W. 307. The difficulty that confronts counsel as to this case is that in the same case when it subsequently came before the Supreme Court

and was reported in 136 Mo. 485, 37 S. W. 928, the point relied upon by defendant is distinctly repudiated and overruled by the court. Speaking of the rule announced when the case was formerly before the court, and as reported in 106 Mo., supra, Judge ROBINSON, quoting what was there announced, namely, that if the line between the lots was located upon the lots when surveyed and subdivided and can now be ascertained and determined, that that line will constitute the true division line between the lots though it conflicts with the description given in the plat, when the lots are sold by their lot number according to the subdivision plat, says (l. c. 495) that to adhere to that as a fixed rule of law without qualification, "would be to involve the entire communities of our cities (where in most instances all conveyances of property are made by lot number simply, with a reference to the recorded plats for locating the courses and distances of the boundaries) in confusion and doubt as to the stability and fixedness of their possession and rights." The rule adducible from this last decision of our Supreme Court is, that instead of the purchaser being bound by temporary stakes set in the ground as to the measure, location and boundary of the lot he purchases, he and his grantor are bound by the description in the deed and by the description of the lot as found in the recorded plat of it, the latter a matter of public record required by law to be made for the very purpose of definitely establishing the location and boundary of lots in an addition when an addition is laid off. This does not in any manner infringe upon the rule that parties by their own agreement may establish a boundary different from that called for by their deeds or by long acquiescence in a fixed boundary marked out and established may not estop themselves from disputing that called for by deed as being the true line. That is not this case. There is nothing whatever in the evidence to show that this plaintiff

recognized and accepted and acquiesced in this fence as being wholly upon the land of his adjoining proprietor who, in this case, happened to be his own grantor. The deed which he received from defendant, the plat of the addition to the city to which that deed referred, all fixed, beyond any possibility of doubt, the size and lines of his lot, only to be changed by his action and that of his neighbor. We find no such acts in the record of the case before us by which the jury would have been warranted in finding that there was any such defense as estoppel as against this plaintiff in this case, even if estoppel had been pleaded.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.