# HURLEY v. KENNALLY, Appellant.

### Division One, February 15, 1905.*

1. **APPEALS: Delay of Abstract and Brief: Excuse.** Where the delay in delivering the abstract and brief is caused by an accident in the printing office where they were being printed, whereby the presses broke down, the appeal will not be dismissed or the judgment affirmed.

2. **NEW TRIAL: Conflict In Evidence.** The trial court has the right, in either a law or an equity case, to grant a new trial if it is satisfied that the verdict or finding is against the weight of the evidence. And where the chancellor is satisfied, on a reconsideration, that the finding and decree were wrong he should grant a new trial.

3. ———: **Judgment Instanter.** Where the chancellor has granted a new trial, he has no authority to render judgment for the movant or the opposite party without trial anew. Granting a new trial puts the case in the same condition as if there has never been a trial.

Appeal from Jackson Circuit Court.—*Hon. Jno. W. Henry,* Judge.

REVERSED AND REMANDED (*with directions.*)

*Hardin & Taylor* for appellant.

(1) The court erred in sustaining plaintiff's motion for new trial. The verdict and judgment for defendant was right under the pleadings and the evidence, and plaintiff made no showing whatever entitling him to a new trial. (2) After the court sustained plaintiff's motion for a new trial, and granted a rehearing of the cause, the case stood for hearing

---

*Note.—Decided December 22, 1904; motion for rehearing filed; motion overruled February 15, 1905.

the same as though there had been no previous trial; and the court had no authority to enter up judgment against defendant without his consent and against objection, without giving him an opportunity to have the new trial which had been granted by the court.

I. *Tavenner* and *Holmes & Page* for respondent.

(1) The judgment of the trial court in granting a new trial, on the ground that the verdict or finding was against the weight of the evidence, will never be disturbed or set aside by the appellate court. Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 72; Kreis v. Railroad, 131 Mo. 533; Haven v. Railroad, 155 Mo. 216; Emmons v. Quade, 176 Mo. 22. (2) As appellant filed no motion in arrest or for a new trial, and presented nothing new in evidence to the court, and a new trial or rehearing was never granted by the court, he has no grounds for complaining, because the court saw fit to modify the judgment without rehearing the evidence. Edie v. Edie, 138 Mo. 605; Smith v. Perkins, 124 Mo. 53; Bauman v. Schmucken, 94 Mo. 144. (3) The action of the trial court was all had at one and the same term of court. The evidence was submitted to the judge and on that evidence he rendered a decree for defendant in the first instance, dismissing plaintiff's bill. After taking the motion for new trial and in arrest of judgment under advisement, the trial judge concluded that he had reached an incorrect and unjustifiable conclusion on the evidence submitted, and that the judgment ought to be for plaintiff, and the judgment still being within his breast, at the same term of court he proceeded to set it aside and enter another decree, granting to plaintiff the relief prayed for. This he undoubtedly had the right to do. The record stands precisely the same as if the trial judge had never entered a judgment dismissing plaintiff's petition, and had in the first instance rendered a final de-

cree in behalf of plaintiff, which this court is now asked to review, without any motion for new trial or in arrest of judgment having been interposed by defendant. We consider this analysis of the record as a complete answer to appellant's contention that the court erred in not having afforded him another trial of the issues. It is not pretended or claimed by counsel that on a further trial any further or additional or different evidence would have been or could have been submitted or that a different result would or could have been reached, and hence there could have been no substantial error of the trial court in rendering the decree as given, on the evidence which was already fully before it. This is an equity case, and, as is well said by counsel for appellant, the whole case is before the court on the pleadings and the evidence, and if any of the technicalities urged by appellant should be considered as well taken, instead of reversing and remanding the case to be again heard on the same evidence and the same pleadings, this court will now proceed to render the proper judgment herein, correcting all such technical defects.

VALLIANT, J.—This is a suit in equity to set aside a deed from plaintiff to defendant to certain land in Jackson county on the ground that the defendant obtained the deed by fraud and undue influence.

The answer put the charges of fraud and undue influence in issue. The cause came on for trial and there was evidence tending to prove the allegations in the petition and evidence on the part of the defendant to the contrary. The court found the issues in favor of the defendant and rendered judgment in his favor. In due time the plaintiff filed a motion for a new trial, based mainly on the ground that the finding of the court was against the weight of the evidence. The motion for a new trial came on to be heard and considered and was by the court sustained and the finding

and judgment were set aside. Then the court, without notice and without a trial, proceeded immediately to render judgment for the plaintiff, vacating the deed revesting the title to the land in plaintiff and giving defendant judgment for $600 against plaintiff and a lien on the land therefor. From that judgment the defendant appeals.

A motion is filed by the plaintiff to affirm the judgment because of the failure of appellant to deliver to respondent his abstract and brief within the time required by the rules of court. The date on which the abstract should have been delivered to respondent under the rules was September 18th; it was delivered September 21st.

The affidavits on file show that appellant was moving in the matter with reasonable diligence and the papers would have been delivered in time but for an accident that occurred in the printing establishment, where the abstract and brief were being printed, whereby the presses broke down and the work was delayed. Under the circumstances, the appellant was not in fault, and, therefore, the motion to affirm for failure to comply with the rules is overruled.

The evidence on the issues of fact in the case was conflicting and it was the right and duty of the chancellor to set aside his findings and his judgment or decree based thereon, if, on a reconsideration and further reflection, he was satisfied that his first conclusions were wrong.

The trial court has the right to grant a new trial in either a law or equity case if it is satisfied that the verdict or finding is against the weight of the evidence. The court, therefore, did not exceed its jurisdiction in sustaining the motion for a new trial.

But when the motion for a new trial was sustained, the cause was at issue for trial again, the court had no authority to enter a judgment without another trial.

Granting a new trial put the case in condition,

so far as that court was concerned, as if there had never been a trial, and no judgment could thereafter be rendered upon the merits until a trial was had.

Upon a proposition so self-evident as this, it is difficult to find authorities. The only cases bearing on the subject that have come under our notice are those in which the proposition is taken tacitly for granted or as unquestioned rather than distinctly decided. [State v. Newkirk, 49 Mo. 472; Needles v. Burk, 98 Mo. 474; Milling Co. v. Boggess, 80 Mo. App. 296.]

The court in this case committed error when, after granting a new trial, it proceeded without a new trial to enter final judgment.

The judgment is reversed and the cause remanded with directions to the circuit court to proceed to try the cause *de novo*.

All concur, except *Robinson, J.*, absent.