GRANITE BITUMINOUS PAVING, COMPANY v. PARK VIEW REALTY & IMPROVEMENT COMPANY, ISAAC H. ORR, NINA REALTY COMPANY et al., Appellants, Nos. 17593, 17594 and 17595.

In Banc, June 30, 1917.

REHEARING GRANTED: Immediate Decision Without Rehearing. After a Court of Appeals has granted a motion for a rehearing, it cannot at the same time and immediately without a rehearing and without a re-submission, render judgment. When a rehearing is allowed the case stands for re-argument and re-submission, and a judgment rendered without re-submission is *coram non judice* and void.

*Held*, by BOND, J., dissenting, that the Court of Appeals had jurisdiction of the cause, and its judgment was at its worst a mere erroneous exercise of that jurisdiction, and in no sense a violation of the constitutional power vested in it to decide cases; and one of the judges of that court, deeming the judgment to be in conflict with certain designated decisions of the Supreme Court and of another court of appeals and having for that reason caused the case to be certified to the Supreme Court, that certification gave this court jurisdiction of the whole case, and it is before the Supreme Court for determination on the merits, just as if it had been brought to it by direct appeal from the circuit court, in total disregard of the error by which the judgment was reached in the Court of Appeals.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Collins, Barker & Britton* for appellant.

When the Supreme Court on a proper transfer has jurisdiction of a cause, it will hear and determine the entire cause and not merely dispose of the point of difference in the Court of Appeals. Sutton v. Cole, 155 Mo. 206; Fulkerson v. Murdock, 123 Mo. 292.

*Sturdevant & Sturdevant* for respondent; *Charles W. Bates, amicus curiae.*

GRAVES, C. J.—These three cases are actions upon special tax bills. In each the lower court found for the plaintiffs. Appeals were taken to the St. Louis Court of Appeals, where the three were seemingly heard as one case, and they are so submitted here. The cases are in a very peculiar situation here. Upon a hearing in the Court of Appeals the judgments in the lower court were reversed, CAULFIELD, J., not sitting.

Motions for rehearing were filed, and evidently the two sitting judges who had joined in reversing the judgments divided in opinion, or at least one of them was shaken in his views. The result was that the motions for rehearing were set down for argument, and Hon. R. E. Rombauer in some manner appeared as special judge on this hearing had upon the motions for rehearing. The result of this hearing upon the motions for rehearing is thus expressed in the judgment before us:

"Now again come the said parties by their respective attorneys and the court having fully considered respondent's motion for rehearing doth order that same be sustained, and that the judgment of reversal heretofore entered herein be set aside and for naught held and esteemed; and that said cause be remanded to said circuit court, city of St. Louis, with directions to that court to strike from the record so much of the judgment entry of that court as contains the words 'with interest at the rate of eight per cent per annum from the date of the judgment until paid,' and that the judgment thus amended, stand in full force and effect; and that said respondent recover of said appellants its costs and charges herein expended and have execution therefor. Opinion filed. But as Judge NORTONI deems the opinion of this court to be in conflict with the decision of the Supreme Court in the case of Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241. 146 S. W. 1142, and with that of the Kan-

sas City Court of Appeals in the case of Forrey v. Holmes, 65 Mo. App. 114, and asks that this cause be certified to the Supreme Court for a final determination, it is so ordered. Dissenting opinion by NORTONI, J., filed.''

Judge Rombauer wrote the opinion on the motion for rehearing, and properly styles it thus: ''Opinion on Motion for Rehearing.''

It should be noted that the first judgment of the Court of Appeals is an absolute judgment of reversal, and further that the last attempted judgment is one of affirmance, with a slight modification of the judgment *nisi* as to interest. It must be further noted that the judgment before us shows that the court granted a rehearing and that without a rehearing in fact or in law, instantly entered up a new and different judgment. So speaketh the only record before us.

In one breath the Court of Appeals says you are entitled to a rehearing of your case upon its merits, and in the next breath it enters, *instanter*, another and directly opposite judgment, without a further resubmission of the cause and without a rehearing in fact, after the motion for rehearing was sustained. By the same opinion such court both grants a rehearing and enters a new judgment. That the court had the right to hear argument on the motion for rehearing there can be no question. That with only two sitting judges in the case, a condition might arise which would call for the selection of a special judge there is no question. The trouble with the record is that it shows that there was no rehearing and no re-submission for judgment, after the motion for rehearing was sustained. When a rehearing is granted, it means what the term ''rehearing'' indicates, i. e. that the case is for re-argument and re-submission, before judgment can be entered therein. We do not mean that a prior judgment and opinion cannot be modified upon a motion for rehearing, and the motion then overruled, for that is often done in appellate practice, but what we do mean is, that when, upon a hearing had upon a motion for rehearing (whether

that hearing be upon oral argument or otherwise) the said motion for rehearing is sustained, then no new judgment can be rendered without a re-submission and actual rehearing of the cause. At least, absent a re-submission, no new judgment can be entered after a motion for rehearing has been sustained. The sustaining of such motion leaves the case just where it was when filed in the court.

This exact point has not been ruled in this State, so far as I find, but an analogous question has been specifically ruled. Thus in Hurley v. Kennally, 186 Mo. 225, we had before us a case in equity. Upon a trial *nisi* the chancellor found for the defendant and so entered his judgment. Upon motion for a new trial being filed by plaintiff he heard the motion, and sustained the same, and immediately entered judgment for the plaintiff on the merits. The cause was appealed here as indicated above, and VALLIANT, J., said:

"But when the motion for a new trial was sustained, the cause was at issue for trial again, the court had no authority to enter a judgment without another trial.

"Granting a new trial put the case in condition, so far as that court was concerned, as if there had never been a trial, and no judgment could thereafter be rendered upon the merits until a trial was had."

In principle the point there decided is the point here in issue. In 3 Cyc. 219, the rule is thus stated:

"When a rehearing is granted, generally, the cause is before the court for examination and decision as though it had never been considered and decided."

It follows that the judgments of affirmance entered in these cases without re-submission and rehearing, after motions for rehearing, had been sustained, are *coram non judice*, and void, and the cases are yet before that court for final determination. The court was without jurisdiction to enter a judgment of affirmance upon the mere hearing held upon a motion for rehearing directed to a judgment of reversal.

To the end that they may be finally determined by that court, we remand the cases to the St. Louis Court of Appeals.

All concur, except *Williams, J.,* not sitting, and *Bond, J.,* who dissents in opinion filed.

BOND, J. (dissenting).—I cannot concur in the discussion or result reached in the learned majority opinion. My reasons are these: The judgment of the court of appeals upon the motion for re-hearing involves, in substance, the sustention of that motion and the entry of a new judgment affirming with some modifications, the judgment of the trial court, which it had previously reversed. This final conclusion of the Court of Appeals was dissented from by one of its judges who deemed it to be contrary to certain decisions of this and the appellate courts, wherefore this cause was certified to this court and is before us for determination as provided in the Constitution. There is nothing in the record which discloses that the action of the dissenting judge was not in perfect conformity with the provisions of the Constitution, providing for such action on the part of one of the judges of Courts of Appeals, when he deems an opinion of his brethren to be contrary to the "last previous ruling" or controlling decision of this court. The cause is, therefore, before us for *full determination* on its merits as if it had been brought here by direct appeal from the circuit court.

Neither can that conclusion be escaped by the suggestion in the learned majority opinion that in the particular act of rendering its final judgment the Court of Appeals was shorn of jurisdiction. If that premise were true, the conclusion might logically follow that this court, in virtue of its power of superintendence, might deal with the judgment of the Court of Appeals by an appropriate original writ. But the assumption of the premise is not correct; for the action of the Court of Appeals did not in any respect exceed its "power to act" in cases properly appealed to that court. It may be that the judgment rendered on the motion for re-

hearing was crass error, but the rendition of an erroneous judgment is not a violation of the constitutional power invested in the Courts of Appeals to decide cases; it would be only an erroneous exercise of that power. The error of the majority opinion is that it mistakes the *erroneous* exercise, for the *lack* of jurisdiction. Of course it is not claimed that the instant case did not lie within the strict limits of its appellate jurisdiction, except upon the motion that it fell outside of those limits on account of the erroneous judgment of the Court of Appeals on the motion for rehearing. The case cited in the majority opinion (186 Mo. 225) does not support it. In that case Judge VALLIANT was speaking, on a *review by appeal,* of the incorrect or illegal procedure of the trial court. He did not hold that the trial court had no jurisdiction.

If, as is held in the majority opinion, the Court of Appeals had no right to render the judgment it did render upon consideration of the motion for rehearing without a rehearing in fact, then the party affected by that judgment would have been entitled to file a motion for rehearing and, in default of the sustention of such motion, might have had recourse to any other redress provided by law. No such action was taken, and the cause having reached a final judgment, was certifiable to this court in the manner and for the reasons shown in the order sending it here.

It seems to me that this is a case in which there is a palpable propriety for the language used by Chief Justice MARSHALL in reply to an argument intended to prevent the exercise of jurisdiction by the Supreme Court of the United States in a matter complained of, when he said to the objector, viz.: "That this court does not usurp power is most true; that this court does not shrink from its duty is no less true." This case having been lodged here in the manner prescribed by the Constitution, we should not shrink from the duty imposed on us by the organic law to determine it fully. Hence I dissent from the learned majority opinion.