## McGINNIS v. BEATTY.

(No. 909; Decided January 10, 1920; 186 Pac. 120.)

APPEAL AND ERROR DISMISSAL—FAILURE TO SHOW JUDGMENT ENTRY
IS GROUND OF DISMISSAL—JURISDICTION NOT CONFERRED BY APPEAR-
ANCE NOR BY CONSENT WHERE RECORD FAILS TO SHOW ENTRY OF
JUDGMENT—JURISDICTIONAL REQUIREMENTS AS TO SUCH MATTERS
CANNOT BE WAIVED.

1. Where the record on appeal does not contain a certified copy
   of the entry of the order of judgment appealed from, or
   such copy of any journal entry, the appeal will be dis-
   missed.
2. Appearance by Appellee while sufficient as a waiver of lack
   of jurisdiction of the person, does not confer jurisdiction
   of the subject matter or cause, where the appeal record
   does not show the entry of judgment below.

APPEAL from District Court, Niobrara County, HON. E.
C. RAYMOND, Judge.

Action by Chas. F. McGinnis against J. A. Beatty. From a
judgment for plaintiff, defendant appeals. Heard on mo-
tion to dismiss.

*M. H. Neil* and *Kinkead & Henderson,* for the motion.

The record on appeal fails to show entry of judgment and
also fails to show that notice of appeal was served within 10
days of the entry of judgment; this court is without juris-
diction to consider the appeal (Culbertson v. Ainsworth, 181
Pac. 418) ; the defect cannot be cured by affidavits (Hahn
v. Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705) ; jurisdic-
tion of the subject matter on appeal cannot be conferred by
consent of parties; the record on appeal is fatally defective
and appeal should be dismissed.

*Mentzer & Wilcox,* for appellant.

Respondent waived all questions of notice by entering a
general and voluntary appearance, including a stipulation
for a continuance. No question of jurisdiction was raised
and he should be considered in court for all purposes
(Honeycutt v. Nyquist, 12 Wyo. 183, 1 Wrds. & Phr. 450,
11 N. W. 132) ; the appearance of respondent was general

(2nd Ency. Pl. & Pr. 625) ; the test is whether the appearance is other than to question the jurisdiction (Sit You Guire v. Heard, 120 Pac. 1135; Belknap v. Charlton, 25 Ore. 41; 34 Pac. 758; Swecker v. Reynolds, 246 Pa. 202) ; where an appearance is made, the parties cannot afterwards object to the jurisdiction of the court (44 Ohio State; Fraizer v. Douglas, 48 Pac. 36, 21 R. C. L. 592).

BLYDENBURGH, JUSTICE.

This case is here on direct appeal and was heard on a motion to dismiss the appeal. The motion is based on the ground that "This court never acquired and is now without jurisdiction of said cause on appeal for the following reasons." Then follows four separately stated matters in which it is claimed that the requirements of the statute governing direct appeals to this court have not been complied with. It is not, necessary to consider these reasons separately as the underlying fact appears that the record on appeal does not contain any certified copy of the entry of the order or judgment appealed from or any certified copy of any journal entry at all. There does appear a paper entitled, "Order on motion to vacate judgment", signed by the trial judge, which paper has the endorsement on the back, "Filed March 5, 1917, A. L. Miller, Clerk of Court". There is nothing to show that this paper was ever entered on the journal of the court or that it is a copy of any entry. The certificates of the Clerk and the Judge to the so-called record on appeal do not refer to any judgment or to this order or to any entry of the same. The facts in this respect are entirely similar to those in Hahn v. Citizens State Bank, 25 Wyo. 467, 171 Pac. 889, 172 Pac. 705, in which case this court held that it must appear from the record on appeal that the judgment appealed from had been entered on the journal and the date of the entry, and this should be shown by a certified copy of such journal entry; that a condition of the record such as exists in this case does not show any judgment or final order was entered, and that in such case this court does not acquire any jurisdiction of the appeal.

Counsel for appellant contends that the respondent has appeared generally in this case in this court by filing a brief on the merits and joining in a stipulation for a continuance for the term prior to filing the motion to dismiss and therefore cannot now be heard on a motion to dismiss for lack of jurisdiction. In fact, the entire brief filed on behalf of appellant on the motion to dismiss is taken up with the argument that the respondent has made a general appearance, "is in court", and thus this court has "jurisdiction to render a full, complete and final order in this cause", and that respondent cannot now "be heard to raise any jurisdictional question". Counsel have failed to observe the distinction between jurisdiction of the person and jurisdiction of the subject matter or cause. By a general appearance, lack of jurisdiction of the person may be waived, but not of the subject matter or of the cause. It is well established that under appeal statutes whatever is required to be done to give the appellate court jurisdiction of the appeal cannot be waived, nor can jurisdiction of a cause on appeal be conferred by consent, and it was so expressly held by this court under our statute for direct appeals under which this cause was attempted to be brought here, in Culbertson v. Ainsworth, 181 Pac. 418.

The motion will be sustained and the appeal dismissed and it will be so ordered.                *Appeal dismissed.*

Beard, C. J., and Potter, J., concur.