## NORTH LARAMIE LAND CO. v. HOFFMAN

### (No. 967, Decided March 10, 1921; 195 Pac. 988.)

APPEAL AND ERROR—UNSIGNED PETITION IN ERROR AMENDABLE— SUBJECT TO MOTION TO STRIKE—REHEARING TO CORRECT ERRONEOUS DISMISSAL MOTIONS—MOTION TO AMEND PETITION IN ERROR—COL- LATERAL ATTACK—AMENDMENT OF PETITION IN ERROR AFTER JUDG- MENT—JURISDICTION RETAINED PENDING MOTION FOR REHEARING.

1. A petition in error, though considered an unsigned petition because signed only by attorneys not admitted to practice in the state, is not a nullity, but the omission is merely a formal defect which may be waived or may be cured by amendment, even after the expiration of the time for bringing proceedings in error.

2. Where the petition in error was not properly signed, the proper remedy of defendant in error is by motion to strike.

3. Where the court had dismissed proceedings in ·error for failure properly to sign the petition in error on the erroneous theory that such failure was a jurisdictional defect, the error should be corrected, and a rehearing granted where it might be too late to correct the error except by that procedure.

4. A motion to strike a motion is not proper practice.

5. A motion for leave to amend a petition in error, which was in effect unsigned because signed only by attorneys not admitted to practice in the state, which motion alleged that it was the intention to have local counsel of plaintiff in error subscribe the petition, but that it was not so subscribed through inadvertence, is sufficient.

6. A motion for leave to amend a petition in error by having it subscribed by local counsel for plaintiffs in error is not a collateral attack or any attack on a judgment dismissing the writ of error because it was subscribed only by attorneys not admitted to practice within the state, when the motion was filed in connection with a petition for rehearing of the judgment of dismissal.

7. The right to apply for leave to amend a petition in error was not lost through failure to file the motion prior to the submission for decision of the motion to dismiss the proceedings in error, since such amendment may under Comp. St. 1920, § 5707, be allowed either before or after judgment in furtherance of justice.

8. Though unnecessary or unreasonable delay in applying for leave to amend a petition in error may justify the refusal of such leave in the exercise of sound discretion, a delay in making such application pending a motion to dismiss the proceedings in error because the defect was jurisdictional and not amendable was neither unreasonable or unnecessary, and does not prevent the granting of the leave asked.

9. Under Supreme Court rule 24 (104 Pac. xiv), providing that the filing of the petition for rehearing suspends proceedings until it is disposed of unless otherwise ordered, the court retains jurisdiction pending the determination of a petition for rehearing, and has full control of the cause within the limits of its appellate jurisdiction, so that it may entertain a motion for leave to amend the petition in error.

10. A motion for leave to amend a petition in error filed concurrently with a petition for rehearing of a judgment of dismissal because of the defects in the petition should be granted when the petition for rehearing is granted, since it might thereafter be immediately renewed, and its denial, therefore, would only delay further proceedings in the cause without any real advantage to either party.

Error to District Court of Platte County; Honorable William C. Mentzer, Judge.

Heard on petition for rehearing and motion for leave to amend an unsigned petition in error. For former opinion see 26 Wyo. 327; 184 Pac. 226.

*William A. Riner and Pam & Hurd,* for Plaintiff in error.

The subscription of the brief of plaintiff in error is not jurisdictional and the attempted commencement of the proceedings in error was effectual because it was accompanied by service of process within sixty days. (Section 4305 Comp. Stats. 1910; Section 4306 Wyo. Comp. Stats. 1910; Section 4422, Wyo. Comp. Stats. 1910; Section 5111 Comp. Stats. 1910; Cin. H. & D. Ry. v Bailey, 70 N. E. 900; Riordan v. Horton, 16 Wyo. 363; 94 Pac. 448; Redmond v. U. P. R. R. Co., 3 Wyo. 678; 27 Pac. 880; Board Commrs. v. Shaffner, 10 Wyo. 181; 68 Pac. 14; Ross v. Willett, 54 Ohio St. Rep. 150; Bantz v. Roder, 14 Ohio Rep. 218.) Civil procedure as to sufficiency and amendment of pleadings govern, (Riordan v. Horton, 16 Wyo. 363; 94 Pac. 448; Cin. H. & D. Ry. v. Bailey, supra, amendment is one of form and not of substance, Sections 4434 to 4443 Wyo. Comp. Stats. 1910, Cin. H. & D. Ry. Co. v. Bailey supra; Riordan v. Horton, supra; Redmond v. Union Pacific, supra; Board Commrs. v. Shaffner, supra; Ross v. Willett, supra; Bantz v. Roder, supra. This court retains jurisdiction pending rehearing Rule 23 of this Court. This court has held that by analogy the statutes pertaining to civil procedure apply to proceedings in error, Riordan v. Horton, supra. In adopting the civil code of Ohio our legislature adopted the policy of Ohio with respect to the disposition of cases upon their merits and copied the Ohio statutes relating to mistakes and amendments, which appear in our compilation of 1910, as Sections 4434 to 4443 inclusive. The important sections for this consideration conclude with Section 4439. The policy of this legislature is that error or defects not affecting substantial rights are to be disregarded. An unsigned petition in error may be amended, 4437 Comp.

Stats. 1910, and an affidavit for appeal from the Justice Court, Redmond v. Union Pacific R. R. Co., supra. This court is one of general jurisdiction, Hobart v. Hammel, 18 N. J. L. 73. An unsigned petition in error is not a nullity but may be amended. (Manspeaker v. Bank, 4 Kan. App. 768, 46. Pac. 1012; Sims v. Dame, 15 N. E. 217; 113 Ind. 127; Bruner v. Norchner, 150 Pac. 159; Canadian Bank v. Leale, 111 Pac. 759; West Mt. Co. v. Danley, 111 Pac. 647; Lillman v. Mills, 15 Wyo. 149; 87 Pac. 985; Coleman v. Bercher, 94 Ark. 345). Judgment of Supreme Court is not final until period for rehearing has expired, (Cline v. Wrightson, 7 Ky. Law Rep. 215; Bedford v. Saunders, 41 La. Rep. 285; Williams v. Williams, 71 N. C. 216; Kronkhite v. Bothwell, 30 Pac. 492; 3 Wyo. 736). Notwithstanding amendment may have effect of recalling judgment and resulting in a different judgment, amendment is permissable, (Williams v. Williams, supra; Hatch v. Bank, 78 N. Y. 487). Mistake which may be cured by amendment includes counsel's misapprehension of and mistake in law as well as in fact. (Gould v. Stafford, 101 Cal. 32; Kirstein v. Madder, 38 Cal. 158.)

*Kinkead and Henderson,* for Defendant in Error.

Pam & Hurd, not having been admitted to practice in Wyoming could not appear herein, (6 Corp. Jur. 569, Section 12; Robertson v. Shorow, 10 Wyo. 368, 372). The petition in error, *praecipe,* and request for record signed by them were insufficient to invoke the jurisdiction of this court, (6 Corp. Jur. 570, Section 13; Robb v. Smith, 3 S. C. A. M. 46; Newberger v. Camel, 58 How. Pr. 313; Chaplan v. Berman, 75 N. Y. 102; Ellis v. Bingham Co., 60 Pac. 79; Leaver v. Kilmer, (N. J.) 54 Atl. 817; Duyster v. Crawford, 54 Atl. 823.) The court properly struck the petition from the files.

(Publicity Sect. v. Raye, 98 Atl. 300; Holzman v. Purdy, 162 N. Y. S., 65; Leaver v. Kilmer, supra; Duyster v. Crawford, supra). The jurisdiction of this court is invoked by filing a petition in error and praecipe for summons. (Sec-

tion 4422 Comp. Stats; Lobell v. Oil Co., 19 Wyo. 170).
The application to amend comes too late, (Gibbons v. Scott,
19 Calif. 284; Warner v. Godfrey, 186 U. S. 365-377; Beh-
annon v. Clark, (Ky.) 78 S. W. 479). Plaintiff in error
was guilty of culpable negligence, (4 Corp. Jur. 1195; Wade
v. Nelson, Mo. 95 S. W. 950; Dahlman v. Milwaukee, 111 N.
W. 675; W. M. & F. Co. v. Mann, 76 N. W. 777; Demper v.
Carroll, 21 Wyo. 477; Callahan v. Rouck, 14 Wyo. 201, 207.)
Plaintiff in error submitted motion to strike upon theory
that petition was sufficient to invoke jurisdiction of this
court, cannot now have a reversal of the court's decision to
permit him to amend, (Davis v. Co. 72 Pac. 881; Boat Co.
v. Howey, 85 N. Y. S. 95.) The amendment tendered would
change the issue, Sec. 4437 Comp. Stats. The decision here-
tofore rendered, not being erroneous, will not be set aside
for purpose of allowing an amendment, (Sutter v. San
Francisco, 36 Cal. 112; Davis v. Assn. 92 Pac. 881; 15 Ann.
Cas. 333; Gibbons v. Scott, 15 Calif. 285.) Amendments are
not permitted after judgment, (Harrington v. Christie, 47
Ia., 319; Sicklin v. Kendall, 72 Ia., 490; 34 N. W. 283; Car-
lisle v. Show Co., 163 N. W. 380, 385.) Surprise that judg-
ment was adverse no ground for setting it aside.( Ins. Office
v. Heiderer, 99 Pac. 39 (Colo.) The relation of attorney
and client did not exist between Mr. Riner and plaintiff in
error upon the filing of petition, and he could not, there-
fore, sign the petition and praecipe for summons, (Sec. 6,
Corp. Jur. 630, Herslib v. Moss, 28 Ind. 354).

POTTER, Chief Justice.

At a former hearing of this case upon the motion of de-
fendants in error to dismiss the cause and "dismiss and ex-
punge" the petition in error, the motion to dismiss the pro-
ceedings in error was sustained and an order of dismissal
entered. (26 Wyo. 327, 184 Pac. 226.) At the same term
that said motion was disposed of by that order, and within
the time prescribed by the rules for an application for re-
hearing, a petition for re-hearing was filed by the plaintiff
in error, and concurrently therewith a motion for leave to

amend the petition in error by causing it to be signed by local counsel of the plaintiff in error so as to cure the objection upon which the motion to dismiss was based and granted. Thereafter defendants in error filed a motion to strike said motion to amend from the files. An oral argument was requested by the court upon the petition for re-hearing, as authorized by our rules, and it was submitted upon such argument and briefs, together with the two motions last above mentioned.

As stated in the former opinion, the petition in error was subscribed only by non-resident attorneys for plaintiff in error, who were not members of the bar of this state and had not requested or been granted permission to appear as attorneys in this court, either generally or for the purposes of this case; and the ground of the motion to dismiss was that the petition in error, not having been subscribed by the plaintiff in error or by a member of the bar of this court as its attorney, was insufficient to constitute the commencement of proceedings in error, or to give this court jurisdiction of the subject matter of the action.

Applying the statutory provision that ''every pleading and motion must be subscribed by the party or his attorney'' it was held that the attorney of a party to an action, who is authorized to subscribe pleadings ''is an attorney who has the right to practice in the court wherein the case is pending''; and that the act of the non-resident attorneys in signing the petition in error could not be recognized by the court. From that the court concluded that the petition in error, not being properly subscribed, is not such a petition as will invoke the jurisdiction of the court, but is a nullity, and should be stricken from the files, and that, as proceedings in error can be commenced only by the filing of a petition in error, and an attorney of another state can be admitted only in a *pending* action, and not for the purpose of bringing an action, the proceedings, until such petition is filed, are not pending, ''so as to permit the admission of a non-resident attorney for the purposes of the case.'' And,

having so concluded, it was ordered that the proceedings be dismissed.

It is alleged in the petition for re-hearing, and contended in support thereof, that this court erred in deciding that the petition in error was not sufficient to constitute the commencement of proceedings in error, or to give the court jurisdiction of the subject matter of the action. The correctness of the decision that a non-resident attorney who has not been admitted to practice in this state either generally or specially in the particular cause cannot properly sign alone a petition in error, and that a petition so signed is defective, is not directly or specifically challenged, nor would we feel inclined to recede from the decision on that point. It has long been an unwritten rule of this court thought to be controllable through the clerk's office, that a non-resident attorney would not be recognized as having the right to commence proceedings in error, without an order upon application permitting it, or unless associated for that purpose with a resident member of the bar of the court, which latter condition it was supposed would be understood to require an association of names upon the papers filed in the case. The contention is that the defect aforesaid is not jurisdictional and does not render the petition insufficient to commence the proceedings or to give the court jurisdiction of the cause.

The fact of the issuance and service of summons in error, although brought to the attention of the court at the former hearing, was not referred to in the opinion; such reference being then deemed unnecessary in view of the stated conclusion that the failure to properly subscribe the petition in error was a jurisdictional defect. For the same reason the provisions of the statute for summons in error were not referred to. But such provisions and the facts aforesaid as to the summons and certain other facts explaining the proceedings must be considered in disposing of the matters now before us. The provision of the statute that proceedings to obtain a reversal, vacation or modification of a judg-

ment or final order shall be by petition in error setting forth the errors complained of was quoted in the former opinion, citing section 5111, Compiled Statutes 1910. That section, which has become Section 6373, Compiled Statutes 1920, provides further, following the requirement for the filing of the petition in error: ''There shall also be filed at the same time a precipe for summons, or the affidavit hereinafter provided for, or both, as the case may be. Thereupon a summons shall issue and be served in the manner provided by law for the service of summons in civil actions, and service on the attorney of record in the original case shall be sufficient. The summons shall be made returnable thirty days after its date unless said date would fall on Sunday or on a legal holiday, in which case it shall be made returnable on the next succeeding secular or business day. It shall contain a statement that a petition in error has been filed in the case, stating the court in which it is filed, the date of such filing, the court in which the judgment, decree or final order sought to be reversed, vacated or modified was given or made, with the date thereof and the title of the case appealed from, as the same are stated in the petition in error. If service is not procured on said summons, a like alias summons shall be issued upon the filing of a precipe therefor. To constitute the commencement of such proceedings in error, service of summons must be made within sixty days from the filing of the petition in error.'' Then follows in the same section a provision for obtaining service by publication upon the filing of an affidavit that service of summons cannot be made within the state, and a concluding provision that, ''when service of summons or the publication of notice is made as above provided, the proceedings in error shall be deemed commenced as of the date of filing the petition in error.''

There was also filed concurrently with the petition in error an application, as provided by law, for an order directing the clerk of the district court to transmit to this court certain original papers in the case and a transcript

of certain specified journal entries; and an order conforming thereto was duly issued on the same date. In response to such order the papers called for were transmitted to and filed in the case in this court. That application was signed in the name of the plaintiff's in error by "Pam & Hurd", without designating the latter as attorneys, the name of the plaintiff in error being in typewriting, and "Pam & Hurd" being written. The summons in error was issued on the date of the filing of the petition and was duly returned and filed showing a service within three days after its issuance upon one of the attorneys of record in the original case personally, by the sheriff of Laramie County, to whom the summons in error was addressed.

At the time of the former hearing there was filed an affidavit of William A. Riner, a regularly admitted member of the bar of this court, and who appeared for the plaintiff in error at said hearing, stating in substance the following facts: That he filed the petition in error in this cause on behalf of the plaintiff in error, for whom he is local counsel; that at the same time he filed an application for original papers and journal entries, and also a precipe for summons in error; that when the papers were presented for filing he requested the clerk to enter his name on the record of this court as attorney for the plaintiff in error in the case, which, as stated in said affidavit, he understood had been done; that Pam & Hurd, a firm of lawyers, each of whom is a practicing attorney of long and reputable standing before all the courts of the State of Illinois, is general counsel for the plaintiff in error; that the name of said firm is signed to the said papers filed by affiant as attorneys for said plaintiff in error; that said firm appeared in this case in the district court when it was before that court, and filed papers in and was heard by its representatives before that court, as appears by the original papers transmitted to and on file in this court; that in response to the issuance of summons in error in this case, Jesse E. Jacobson, the County Attorney of Platte County, duly entered his appearance in the cause

by orally directing the clerk of this court to enter his appearance as counsel for defendants in error, and without then raising any objection to the fact that said papers had not been signed by said local counsel with the firm of Pam & Hurd; that the affiant had full authority to file the said papers on behalf of the plaintiff in error, and that his name is duly signed with full authority to the brief which was filed in this court in this case on behalf of the plaintiff in error and duly and properly served on counsel for defendants in error; that affiant, as local counsel, did not sign his name to the papers aforesaid, ''considering that it was sufficient under the practice of this court that his appearance as associate counsel with Messrs. Pam & Hurd be duly of record on the docket of this court.''

Whatever significance or effect the entry of the appearance of the county attorney of Platte County upon his oral direction might have arises from the fact, not shown by the former opinion or the official report of the decision, that the defendants in error are the board of county commissioners of said Platte County and the members thereof individually and as constituting the board.

In addition to the above stated facts, it is alleged in the petition for rehearing that it was the intention and desire of plaintiff in error that said William A. Riner should sign the petition in error together with the said Pam & Hurd, and that for that purpose the said firm forwarded the said petition in error to him, which was in fact actually filed with the clerk by him, but that by inadvertent mistake, he did not sign the same but filed it without his signature. And further, that said William A. Riner duly caused his appearance to be entered by the clerk and said clerk duly accepted from him the usual and customary fee for such appearance, referring by the latter statement to the required docket fee, which by an entry on the appearance docket is shown to have been paid by Mr. Riner for Pam & Hurd. The appearance docket also shows an entry thereon of Mr. Riner's name as one of the attorneys for plaintiff

in error and the name of Mr. Jacobson as one of the attorneys for defendants in error.

A petition in error having been filed, and a summons in error issued and served within 60 days after the filing of the petition, it would follow from the provisions of the statute aforesaid that the proceedings in error were commenced as of the date of the filing of the petition, so as to give the court jurisdiction, unless the petition was a nullity by reason of the failure to properly subscribe it; no other objection being made to the petition and none to the service of summons.  And upon further consideration of the matter, we are fully persuaded that the former decision, declaring the petition in error to be a nullity and insufficient to commence the proceedings, is erroneous.  No briefs were filed at the former hearing on the motion to dismiss, and the argument at that time, as we recall it, did not touch particularly the question of whether the failure to properly sign a petition was a mere formal defect, or rendered the petition a nullity, but was confined to the question whether the court had acquired jurisdiction by reason of the entry on the docket of the appearance of local counsel for plaintiff in error and the County Attorney of Platte County as attorney for defendants in error and the application of other counsel for defendants for an extension of time to file briefs, which was filed concurrently with the motion to dismiss.  We feel sure, at least, that the authorities now brought to our attention as to the effect of a failure to sign a petition were not cited at the former hearing.  Nevertheless we do not place the fault of our error aforesaid altogether upon counsel.  We were led into the error, without thoroughly investigating the authorities, thinking that the question before the court was chiefly the right of the non-resident attorneys to sign alone the petition, and with that the effect of a mere docket entry of the appearance of associate counsel but which was deemed insufficient to cure what was then considered to be a jurisdictional defect.

The petition in error not having been subscribed by any-

one having authority to subscribe it, it stood as an unsigned petition. But by the clear weight of authority, under our and similar code provisions, a petition not signed or improperly signed, whether it be a petition to commence a civil action or a petition in error, is not a nullity, and the failure to properly subscribe the same is merely a formal defect, which may be waived, or may be cured by amendment; and to correct a mere matter of form, an amendment of a petition in error may be allowed even after the expiration of the time for bringing the proceedings. (31 Cyc. 524; 1 Standard Proc. 905; 3 C. J. 1090, note 8; Conn. v. Rhodes, 26 O. St. 644; C. H. & D. Ry. v. Bailey, 70 O. St. 88, 70 N. E. 900; Bantz v. Rover, 14 O. C. C. (N. S.) 218; Moore v. Moran, 64 Nebr. 84, 89 N. W. 629; Gulf Railroad v. Owen, 8 Kan. 409; Manspeaker v. Bank, 4 Kan. App. 768, 46 Pac. 1012; Sims v. Dame, 113 Ind. 127; Coleman v. Bercher, 94 Ar. 345; 126 S. W. 1070 West Mountain L. & S. Co. v. Danley, 38 Utah. 218, 111 Pac. 647; McIntyre v. Smyth, 108 Va. 736; 62 S. E. 930 Carter v. Atkinson, 12 Ga. App. 390; 77 S. E. 370 Baird v. Prewitt, 158 Ky. 793; 166 S. W. 771 Cochran v. Thomas, 131 Mo. 258; 33 S. W. 6 O'Donnell v. Chambers, Tex. Civ. App.. 163 S. W. 138.) And see, Riordan v. Horton, 16 Wyo. 363, 94 Pac. 448; Toledo v. Converse, 65 O. St. 401, 62 N. E. 438 holding a petition in error to be amendable as to matters of form after the time allowed for bringing error proceedings, and under similar code provisions, the following cases to the same effect: Cogshall v. Spurry, 47 Kan. 448, 28 Pac. 154; Bruner v. Nordmier 48 Okla. 415 150 Pac. 159; Haynes v. Smith 29 Okla. 703, 119 Pac. 246.

The Supreme Court of Ohio said, in Railway Co. v. Bailey, supra, that it had already been decided that an unsigned petition is a petition, citing Conn v. Rhodes, supra. In Nebraska, the court say in Moore v. Moran, supra; "While probably the petition in error would be vulnerable to a motion to strike because not properly subscribed, we do not think it can be treated as a nullity

and disregarded altogether." The court say, in the Kentucky case cited: "Section 115 of the Civil Code requires that pleadings must be signed by the parties who file them or by their attorney; and the petition was defective, but not fatally so. It was still a petition, and the failure to sign it could be remedied. * * * "

The proper motion on the part of defendants in error to take advantage of the defect in the petition was not a motion to dismiss, but a motion to strike the petition, and this the court understood at the time of the former decision, and that technically the order should have been limited to striking the petition from the files. But because of the decision that the defect was jurisdictional, which could finally result only in a dismissal, it was then deemed proper to enter such an order without waiting for a further motion for that purpose. While that may not have been improper upon the theory stated, we think, in view of the contrary conclusion herein stated, that the court's order should have gone no further than to strike the petition from the files.

The error of the court in the decision aforesaid is one which obviously should be corrected, and it may now be too late to do that, except by granting a re-hearing. We think a re-hearing should be granted, and an order therefor will be entered. This will leave the case as it stood at the former hearing and as though the matter then presented, the motion to dismiss, had not been considered and determined. (4 C. J. 642; Fish v. Poorman, 85 Kan. 237, 116 Pac. 898; Palmer v. Mizner, 70 Nebr. 200, 97 N. W. 334; Paving Co. v. Realty & Imp. Co., 270 Mo. 698, 196 S. W. 1142; Starr v. Penfield, (Mo. App.) 205 S. W. 541.)

The motion for leave to amend the petition in error in the manner above stated, and the motion of defendants in error to strike that motion from the files, having both been argued and submitted at the same time as the petition for re-hearing, they will now be disposed of, it seeming not improper to do so at this time, notwithstanding the

conclusion to grant a re-hearing on the motion to dismiss, especially in view of the court's delay in announcing that conclusion.

All the grounds stated in the motion to strike the motion to amend may be considered in disposing of the latter motion. A motion to strike a motion is not proper practice. (Reid v. Fillmore, 12 Wyo. 72, 73 Pac. 849; Campbell v. Saratoga State Bank, 24 Wyo. 359, 158 Pac. 267, 160 Pac. 333.) We see nothing in the first point argued against the motion for leave to amend that it is not sufficient in form or substance. It sets forth the several facts above stated as to the filing of the petition, the issuance and service of summons, etc., and that it was the intention that the said local counsel of plaintiff in error should subscribe the petition in error with said non-resident attorneys, as well as such additional papers as might be necessary to conform to the reasonable rules and regulations of this court, and that it was not so subscribed through inadvertence of said local counsel. Said motion is not as contended, a collateral attack upon the former opinion and judgment of this court. It is not an attack upon the judgment at all. It was filed concurrently with the petition for re-hearing, not to show error in the judgment, but to show a desire and readiness to correct the defect in the petition in error for which dismissal was ordered. And it was filed while the court retained jurisdiction and control of the cause.

Nor was the right to apply for leave to amend lost through failure to file the motion prior to the submission of or decision upon the motion to dismiss. Such an amendment as that here proposed may, under the statute, be allowed either before or after judgment, in furtherance of justice. (Comp. Stat. 1920, Sec. 5692, 31 Cyc. 393.) But unnecessary or unreasonable delay in making the application may be ground for its refusal in the exercise of a sound judicial discretion. (31 Cyc. 394.) Had the application here been made before or at the time of the

submission of the motion to dismiss, or before the decision thereon, it would probably have been denied on the theory of the decision that the defect was jurisdictional. But we do not think the delay should be held so unnecessary or unreasonable in this case that the court ought to refuse to allow the amendment. The motion of defendants in error disposed of at the former hearing, while including a purpose to "expunge" the petition in error, was so framed as to present as its principal object a dismissal of the proceedings, and the court so regarded it, as shown by the opinion. To defeat the motion, the plaintiff in error relied upon the fact of a directed entry on the docket of an appearance of counsel for defendants in error, without objection to the petition in error, and the fact that the petition had been actually filed by local counsel, who then also had his appearance for plaintiff entered on the said appearance docket. The effect of such appearances were not considered by the court in disposing of the motion for the reason that the petition was held to be a nullity and the rule applied that jurisdiction of the subject matter can not be conferred by consent or waiver. What the court might have decided, or whatever the correct rule may be, as to the effect of such appearances, in the case of a mere formal and amendable defect in a petition in error is now immaterial. The important point is that the matter was not considered because of the adoption of an erroneous theory respecting the character of the defect. Therefore, we think that the motion for leave to amend, filed concurrently with the petition for re-hearing based upon said error, should not be denied on the ground of laches in presenting it.

When the motion was filed the court retained jurisdiction, with power to vacate the former decision at any time during the term, and to grant a re-hearing during the term or later, upon the petition filed in due time. Our rules provide, (Rule 24) that the filing of a petition for a re-hearing within the time allowed therefor shall suspend

proceedings under the decision until the petition is disposed of, unless the court, or one of the justices in vacation, shall otherwise order. No contrary order was made, and, therefore, the effect of the pending petition was to prevent the judgment from becoming final until disposed of, and to leave the court in control of the cause within the limits of its appellate jurisdiction. (Wm. W. Bierce, Ltd. v. Waterhouse, 219 U. S. 320; 31 Sup. Ct. 241, Elliott's App. Proc. Sec. 551; Bedford v. Saunders, 2 Rob. (La.) 285; In re Smith, 2 Cal. App. 158, 83 Pac. 167; In re Jessup, 81 Cal. 408, 21 Pac. 976, 22 Pac. 742, 6 L. R. A. 594; Hanley v. Mason (Ind. App.) 85 N. E. 732; Loonie v. Wilson, 233 Mass. 420. 124 N. E. 272; Bradley v. Georgetown, 118 Ky. 735, 82 S. W. 303; State Ex Rel v. Lincoln St. Ry. Co., 80 Nebr. 333, 353, 114 N. W. 422, 118 N. W. 326; Brant v. Chicago & A. Ry. Co., (Ill.) 128 N. E. 732; and see Patten Paper Co. v. Green Bay & M. C. Co., 93 Wis. 283, 291. 66 N. W. 601; 67 N. W. 432.) And this court has been very liberal in the case of another class of amendments, allowing them to be made after judgment and granting a re-hearing for that purpose upon a proper showing.

That has occurred in at least two cases wherein, after a decision affirming a judgment complained of on error, an application to withdraw the bill of exceptions for the purpose of amendment was granted, said application having been filed at the time of filing the petition for re-hearing. (Royal Ins. Co. v. Walker L. Co., 23 Wyo. 264, 148 Pac. 341, 24 Wyo. 59, 155 Pac. 1101; McCague Inv. Co. v. Mallin, 23 Wyo. 201, 147 Pac. 507, 25 Wyo. 373, 170 Pac. 763.) In another case, McGinnis v. Beatty, 26 Wyo. 409, 186 Pac. 120, after dismissal of the appeal upon motion, for the absence of the judgment entry from the record, a petition for re-hearing was granted, and also an application which was considered with the petition to permit the return of the record for amendment by including

therein the journal entry of the judgment.

But there is an additional and all-sufficient reason for granting the requested leave to amend. A re-hearing being granted, the motion might be immediately renewed, and as properly as before the former submission of the motion to dismiss, or permitted to be re-filed, at least for future consideration. But to require that course to be taken would only delay the further proceedings in the cause without any real advantage to either party as it now seems to us. The motion for leave to amend will therefore be granted. The order will also include provisions fixing the limit of time for the amendment, and if so amended denying the motion to dismiss and then allowing defendants in error time for filing and serving briefs upon the merits.

BLYDENBURGH, Justice, concurs.

The death of the late Chief Justice Beard, who sat in the cause, occurred before the preparation of the opinion.